STATE OF IOWA ex rel. JOHN WIRTH et al., Appellee, v. OLE
WALD et al., Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Organization—Inclusion of
Part of Subdistrict—Effect. The organization of a consolidated
school district in such a manner as to embrace therein a portion
only of several subdistricts situated along one side of a school
township, does not automatically convert all subdistricts hav-
ing at least four sections of land in said school township, into
independent districts. In such case, said school township or-
ganization is in no wise disturbed. Chapter 342, Acts 36 G. A.,
applies only when the consolidation works an entire *severance*
from a school township of a subdistrict having at least four sec-
tions of land.

*Appeal from Story District Court.*—G. D. THOMPSON,
Judge.

MARCH 18, 1918.

REHEARING DENIED JUNE 27, 1918.

ACTION in the nature of quo warranto, to test the right
of defendants to hold the office of school directors of the
consolidated independent school corporation of Gilbert, in
Story County. The facts are stated in the opinion. The
court below found in favor of relators.—*Reversed.*

*Cosson & Francis* and *Fred E. Hansen,* for appellants.

*C. G. Lee, Bert B. Welty,* and *J. R. Larson,* for appel-
lee.

*O. J. Henderson, Amicus Curiae.*

STEVENS, J.—This is an action in the nature of quo
warranto, to test the right of defendants to hold the office
of school directors, president, secretary, and treasurer of
the consolidated independent district of Gilbert, in Story
County. The defendant Dan Jacobson is acting as presi-

dent of the board of directors, F. M. Bell as secretary, and S. B. Lee as treasurer thereof.

The alleged consolidated district is composed of something more than 25 sections, most of which lies in the school township of Gilbert, but a portion is taken from Lafayette and Milford Townships. The independent district of Story City comprises Sections 1, 2, 11, 12, and the north one half of Sections 13 and 14 in Lafayette Township; and the remaining portion of the township is divided into 8 subdistricts, which include a part of Sections 30 and 31 in Howard Township. The north boundary of the alleged consolidated district extends through the center of Sections 30, 29, 28, and 27, and to the center of Section 26, and thence south to the center of Section 35, thence east to the section line between Section 36 in Lafayette Township and Section 31 in Howard Township, leaving the north one half of Sections 27, 28, 29, and 30, the north one half and the southeast quarter of Section 26, and the northeast quarter of Section 35, the north one half of Section 36 in Lafayette Township, and the portion of Sections 30 and 31 in Howard Township, outside of said consolidated district. The omitted portion of the sections above designated, therefore, forms a strip one-half mile in width by four and one-half miles in length, widening at the east end, as shown on the plat herewith. The portion of the several subdistricts omitted from the consolidated district is, for the purpose of more clearly presenting the situation, denominated on the plat, "Disputed territory." Subdistricts 2, 3, 4, 5, and 6 in Lafayette Township are left as before, but a portion of 7, 8, and 9 is included in the disputed territory. Schoolhouses are situated in the center of each of the subdistricts, all of which comprise four sections, except Subdistrict 6, which is composed of two full and two half sections; and a portion of Sections 26, 35, and 36 is made a part of the alleged consolidated district of Gilbert.

The following plat shows the location of the consolidated district, the so-called disputed territory, the independent district of Story City, and the remaining portion of the Lafayette school corporation:

The court below held that the consolidated independent school district of Gilbert had no legal existence, that

all acts undertaken or performed by it were null and void, and that the defendants have no authority to act as school officers in said district; and taxed the costs to the defendant.

I. Both counsel for appellant and appellee rely upon Section 2794-a, as amended by the thirty-sixth general assembly, to sustain their respective contentions herein. This section, as amended, so far as material to the questions presented on this appeal, is as follows:

"* * * No school corporation from which territory is taken to form such a consolidated independent corporation shall, after the change, contain less than four government sections, which territory shall be contiguous and so situated as to form a suitable corporation." Section 2794-a, Supplement to the Code, 1913.

The thirty-sixth general assembly added the following to the above:

"And where after the formation of such consolidated school corporation, whether heretofore or hereafter formed, there is left in any school township one or more subdistricts each of such subdistricts containing four or more government sections, each of such pieces of territory shall thereby become a rural independent school corporation, and it shall be the duty of the officers of the former school township to call an election in each of such rural independent districts for the purpose of electing school officers in the manner provided by law for the election of officers in rural independent school corporations." Chapter 342, Acts of the Thirty-sixth General Assembly.

By act of the thirty-seventh general assembly, approved May 14, 1917, Section 2794-a was further amended, the material portion of which is as follows:

"In the formation of such consolidated school corporation the boundary lines shall conform to those of corporations or districts already established, so far as practica-

ble and in case the boundary of such district be a public highway, then the said consolidated district may include such tracts of one hundred sixty acres or less as are contiguous to the said highway and the county superintendent after a full and fair hearing gives his approval. And where after the formation of such consolidated school corporation, there is left in any school township one or more pieces of territory containing four or more government sections, each of such pieces of territory shall thereon become a rural independent school corporation, unless two or more subdistricts remain in a contiguous body, in which event such remaining portion of territory shall constitute a school township, and it shall be the duty of the officers of the former school township to call an election in each of such remaining pieces of territory for the purpose of electing school officers in the manner provided by law for the election of officers in rural independent school and school township corporations." Chapter 432, Acts of the Thirty-seventh General Assembly.

It is the theory of counsel for appellee that, when a consolidated district is formed out of part of a school township, each and every subdistrict therein which contains four or more sections not included in the consolidated district, automatically becomes an independent school corporation, and that all territory omitted from said consolidated district and not included within the said independent districts thus formed, remains a school township; whereas counsel for appellant contends that Section 2794-a, as amended by the thirty-sixth general assembly, providing that one or more subdistricts, or pieces of territory, left in a school township, becomes each an independent school corporation, relates only to subdistricts or pieces of territory severed from the rest of the township school corporation, and that same does not apply to contiguous subdistricts, or parts thereof, remaining in the school township.

Upon the theory of counsel for appellee, the several subdistricts would automatically become independent school corporations, and the so-called disputed territory, which is not so situated as to be suitable for a school corporation, would constitute the school township; whereas, upon the theory of counsel for appellant, the several subdistricts in question would continue as such, and the disputed territory would remain a part of them, and, together with the subdistricts, would constitute the district township of Lafayette.

The statute, as amended by the thirty-seventh general assembly, which amendment was not in force at the time the district in question was formed, provides that, if two or more subdistricts remain in the school township after the formation of an independent consolidated district, such portion remaining shall constitute a school corporation. The court below evidently proceeded upon the theory of counsel for appellee; and, if this was correct, it is quite obvious that the so-called disputed territory is not so situated as to form a suitable school corporation, and the consolidated district cannot be sustained.

It will be observed that the so-called disputed territory is not isolated, but is contiguous to the several subdistricts in Lafayette Township, no part of which was taken for the consolidated district. Unless we adopt the contention of counsel for appellee, that each of said subdistricts, upon the formation of the consolidated district, automatically became an independent corporation, we must hold that the same, together with the so-called disputed territory, remained and constituted the Lafayette school corporation. It seems to us that Section 2794-a contemplates that, in the formation of consolidated districts, a subdistrict composed of four or more sections might be isolated, and could better conduct its affairs as an independent corporation than as a part of a corporation to which it was not contiguous; and hence provision is made that same shall automatically be-

come an independent school corporation; and that it has
no reference to subdistricts, or parts thereof, contiguous to
and remaining in the school township after the formation
of a consolidated district. Upon this theory, the so-called
disputed territory and the several subdistricts in Layfette
Township are in no wise affected by the formation of said
consolidated district, but constitute, as before, a school
corporation, except that a portion of its former territory
has been taken with other territory, and formed into a con-
solidated district.

An examination of the plat will show that Subdistricts
2 to 6, inclusive, possess the same territory and boundaries
as before the formation of the consolidated district, but
that a portion of Subdistricts 7, 8, and 9 is included there-
in. It is conceded by counsel for appellee that subdistricts
may be reduced to less than four government sections by
the formation of a consolidated school corporation. This
was held in *School Dist. v. Independent Dist.*, 149 Iowa
480; *Consolidated Ind. School Dist. v. Martin*, 170 Iowa 262;
*Taylor v. Independent School Dist.*, 181 Iowa 544.

It does not appear from the evidence that the relators,
or other school patrons residing upon said disputed terri-
tory, will not have convenient school advantages if the con-
solidated district is sustained. Subdistrict 7 includes the
portion of Sections 30 and 31 in Howard Township, and
there is a schoolhouse in the center of Sections 25, 26, 35,
and 36; and the distance of travel for patrons residing
therein will be the same as before the formation of the dis-
trict in question. Perhaps some school children residing
upon the disputed territory will be required to travel a little
farther to school than formerly, but all will be left reason-
ably near a schoolhouse. The construction here given to
Section 2794-a, as amended by the thirty-sixth general as-
sembly, is consistent with the same as amended by the
thirty-seventh general assembly, and gives effect to every

part thereof, and seems to us to be in accordance with the plain spirit and intent thereof. It is true that the statute is somewhat ambiguous; but we are constrained to hold that, in so far as the same provides that subdistricts, or other pieces of territory suitable for a school corporation, shall become such after a portion of a school township has been formed into a consolidated district, it relates to isolated subdistricts or pieces of territory, and not to such portions of one or more subdistricts as may be omitted from the consolidated district, and left a part of the township school corporation. The act of the thirty-seventh general assembly, which will apply, of course, to all districts formed after the act went into effect, requires that, in the formation of consolidated school corporations, the boundary lines thereof shall conform to those of corporations or districts already established, so far as practicable, and provides proper safeguards for the protection of persons aggrieved by the boundaries fixed therefor.

It is our conclusion, therefore, that the Gilbert Consolidated Independent School Corporation was legally organized; that the defendants are the legally elected and qualified officers thereof; and that the so-called disputed territory remains a part of the district township; and that the several subdistricts thereof do not automatically become independent school corporations, but remain subdistricts, and a part of the district township of Lafayette, as before.

For the reasons stated, the finding and judgment of the district court are—*Reversed.*

PRESTON, C. J., LADD and GAYNOR, JJ., concur.