STATE ex rel. GUNDERSON et al., Appellants, v. E. H. PHILLIPS et al., Appellees.

SCHOOLS AND SCHOOL DISTRICTS: Consolidation of Districts
1  —Size of District—Subdistrict Without School. A school subdistrict is not a corporation, within the meaning of Sec. 2794-a, Code Supp., 1913, prohibiting the consolidation of school dis-

tricts where a school corporation is left with less than four sections of contiguous territory; and such a consolidation is not void, although a subdistrict is left without school privileges.

**APPEAL AND ERROR:** Reservation of Grounds—Failure to Plead
2   Over after Demurrer. Any error in depriving plaintiff of his right to amend or plead over by dismissing the complaint on sustaining the demurrer cannot be complained of by the plaintiff, where he did not request an opportunity to plead over.

*Appeal from Worth District Court.*—M. F. EDWARDS, Judge.

JULY 7, 1919.

THE opinion states the case.—*Affirmed.*

*M. H. Kepler,* for appellants.

*Smith & Rinard* and *Blythe, Markley, Rule & Smith,* for appellees.

WEAVER, J.—This is a proceeding in the nature of quo warranto, attacking the validity of the organization of the consolidated school of Hanlontown, of which the individual defendants are acting as officers and directors. The petition is very long, and we adopt from the brief of appellants' counsel the sum and substance of the complaint, which is there stated as follows:

"It is alleged that the farm of H. O. Myli was divided, and the part of said farm upon which the buildings are located, and that part of the farm upon which Myli and his family was residing, was left without a district; that the said Myli was a patron of the schools, having children who attended the same; and that there are other school children residing in that part of Subdistrict 4 in the school township of Danville, Worth County, Iowa, which was excluded from said pretended consolidation; and that, if said consolidation is held to be valid, the said children residing in said territory will have no school privileges."

To this petition a demurrer was sustained, on grounds

which may be stated generally as being that the facts alleged in the petition do not show that the district was improperly organized, or that the defendants are illegally exercising the functions of officers of said district.

The demurrer was sustained on September 17, 1917, and in the same connection, an order was entered dismissing the action, at the cost of plaintiff. Plaintiff took an exception to the ruling and judgment, but there is no record of any election to stand upon the petition, or offer to amend the same.

I. It appears that, when this action was begun, and the petition therein filed, appellant was contesting the legality of the district consolidation, very largely upon objections of the same character which were afterward held insufficient by this court in *State ex rel. Wirth v. Wald,* 184 Iowa 51, which was a case of like character, involving like questions of law. Counsel concedes that the cited decision is unfavorable to his views, but expresses the conviction that the court has gone wrong in that decision, and ought to retrace its steps. On this subject it is sufficient to say, without repetition of the discussion and reasoning upon which that conclusion was reached, that we are still satisfied with its correctness.

Anticipating this holding, counsel endeavors to differentiate between the cases, by pointing out a remark made in the opinion in the *Wald* case to the effect that it did not there appear from the evidence "that the

1. SCHOOLS AND SCHOOL DISTRICTS: consolidation of districts: size of district: subdistrict without school.

relators or other school patrons residing upon said disputed territory will not have convenient school advantages if the consolidated district is sustained;" while, in the case at bar, the petition alleges that, by the organization of the consolidated district of Hanlontown, "that part of the farm upon which Myli and his family were residing was left without a district," and that, "if said con-

solidation is held to be valid, the said children residing in said territory will have no·school privileges." The quotation from the *Wald* case is of language made use of by this court in stating the facts and circumstances of the situation as affected by the consolidation, but it is not there said that an objection based upon the alleged impairment of the school advantages or school facilities enjoyed by an individual citizen or property owner goes to the validity of the district consolidation, or that such a condition is sufficient to sustain a quo warranto proceeding to oust the directors of such consolidated district from office.

In Section 2794-a, Code Supplemental Supplement, 1915, is found the authority for forming and organizing a consolidated district. The proceeding is essentially legislative in character, the power and authority for which the general assembly has delegated to the electors of the designated territory, whose wishes in that respect are to be determined at an election to be called for that purpose. The only conditions precedent to such election are: (1) A petition describing the boundaries of contiguous territory containing not less than sixteen sections; (2) the signing of such petition by not less than one third of the electors residing in such territory; (3) the approval of such petition by the county superintendent; (4) the presentation of such petition to the board of the school corporation in which the portion of the proposed district having the largest number of voters is situated; and (5) the call by such board for an election. In addition to the provision that the district shall contain not less than sixteen contiguous sections, there is no restriction whatever upon the shape, form, or size of the district, except that which is found in the following language:

"No school corporation from which territory is taken to form such a consolidated independent corporation shall, after the change, contain less than four government sec-

tions, which territory shall be contiguous and so situated as to form a suitable corporation."

Plaintiff does not claim or allege that there was any fatal irregularity in the proceedings leading up to the election, unless it is to be found in the fact that the effect of the organization of the consolidated district is to so divide the territory of one or more subdistricts as to interfere with the school privileges of one or more of the inhabitants residing therein. Now, a subdistrict is not a "school corporation." It is but a part or subdivision of the school township corporation. It is not pretended that the school township is reduced in territory to less than four sections, or that the board of directors of such corporation may not redistrict the territory under its jurisdiction in such manner as to afford reasonably adequate school advantages to all its inhabitants of school age, including those who have not been taken into the consolidation. It cannot be presumed that the board of the school township will neglect its duty in this respect; but, should it fail therein, the remedy for its neglect or refusal is, ordinarily at least, through appeal to the county superintendent, and not by striking out of existence the consolidated district, of which the complainants are neither residents nor electors. To repeat, the statute referred to, which protects the school corporation against diminution of its territory below four sections, and requires that such remnant shall be so situated as to form a suitable corporation, is not applicable to the loss of territory by a subdistrict through the organization of a consolidated district.

It follows, of necessity, that the statement of facts in the petition, and as epitomized by plaintiff's counsel in his brief, does not reveal a cause of action, in quo warranto or otherwise. The organization being regular, and all the statutory preliminaries having been complied with, the court has neither jurisdiction nor authority to question the wis-

dom of the consolidation, nor to inquire whether the inclusion of some territory or the exclusion of other territory would not have been better than the plan actually adopted

II. The appellant complains that the court erred to his prejudice by dismissing the bill, thus depriving plaintiff of his right to amend or plead over. Conceding the undoubted right of plaintiff to amend his petition to avoid the effect of the demurrer, if possible, the court was surely open to him to demand his right, or to prefer a request for opportunity to further plead. This he did not do, and is in no position to complain. See 31 Cyc. 357.

2. APPEAL AND ERROR: reservation of grounds: failure to plead over after demurrer.

If, as sometimes happens, the trial court's ruling is so unexpected as to leave counsel temporarily speechless until after judgment has been entered against him, it will still be presumed on appeal that a request made with reasonable promptness after recovery from the shock will not be denied.

The ruling complained of was clearly right, and the judgment dismissing the plaintiff's bill is—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.