STATE OF IOWA ex rel. G. W. Kirchgatter et al., Appellant, v. C. H. THOMPSON et al., Appellees; OTTO BARTZ et al., Interveners, Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—Division of Subdistricts. It was permissible, under Sec. 2794-a, Suppl. Supp., 1915, in the organization of consolidated school districts, to divide subdistricts, even though the subdistricts were left with less than four sections of land. (But now see Ch. 432, Acts 37 G. A.)

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—Inclusion of Subdistricts—Effect. The inclusion in a consolidated independent school district of *portions* of subdistricts of a school township does not automatically work a dissolution of the school township, and convert each subdistrict having four government sections into an independent district.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—Reconsolidation. A consolidated independent school district may reconsolidate, and take in additional territory.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—Fraud in Fixing Boundaries. Fraud may not be predicated on the fact that the boundary lines of a consolidated independent school district were very irregular. (But now see Ch. 432, Acts 37 G. A.)

*Appeal from Worth District Court.*—M. F. EDWARDS, Judge.

FEBRUARY 15, 1921.

ACTION in quo warranto, to test the right of the defendants to act as school directors of the Consolidated Independent School District of Carpenter. The lower court found in favor of the defendants, and the relators and interveners appeal. The facts are stated in the opinion.—*Affirmed.*

*C. O. Gunderson,* County Attorney, and *R. W. Pugh,* for appellants.

*W. A. Westfall* and *Blythe, Markley, Rule & Smith,* for appellees.

FAVILLE, J.—This is an action in quo warranto, submitted upon the pleadings of the parties and a stipulation of facts. The relators and interveners bring the action for the purpose of testing the validity of the organization of the Consolidated Independent School District of Carpenter, and of the right of the defendants to act as a board of directors and officers of said alleged school corporation.

From the pleadings and stipulation of facts, it appears that, in 1915, an attempt was made to organize a consolidated independent school district, including territory lying in Mitchell and Worth Counties, and adjacent to the town of Carpenter. This attempt, however, was a failure, the project being defeated at the election. Subsequently, proper proceedings were had, as provided by statute, for the organization of a consolidated independent school district, and an election was duly held on September 15, 1915, at which time the election was carried. The territory embraced in the said consolidated independent school district included territory in Newberg Township, Mitchell County, and in Barton Township, Worth County. The territory included within the said consolidated district embraced all of Subdistricts Nos. 1 and 2 in said Barton Township, Worth County, and a portion of Subdistricts Nos. 5 and 6 in said township, but left less than four government sections of land in Sub-

district No. 5 and less than four government sections of land in Subdistrict No. 6; but the entire school township of Barton was left with approximately 27 government sections. In like manner, certain subdistricts in Newberg Township were reduced to less than four government sections of land; but, after said consolidation, there remained in Newberg Township, outside of the territory so taken by the new district, approximately 26 government sections of land. In each of the townships the greater portion of the sections remaining were intact, but a portion of them were subdivided by the lines run by the formation of the new district.

The district so organized proceeded to hold its election of officers, and also held an election, and voted bonds, secured a schoolhouse site, and erected and equipped a schoolhouse, at a cost of $37,400, and school was conducted therein, and taxes were levied within the said consolidated district, for the purpose of operating said school.

Subsequently, proceedings were had, as contemplated by the statute, for the organization of a new consolidated independent school district which should include all of the land incorporated within the said consolidated independent school district formerly organized, and in addition thereto, other territory lying in Newberg Township and in Barton Township. The lines of this new territory were more irregular than those of the original territory, and left less than four government sections of land in certain subdistricts in each of said townships, but left a total of something like 20 government sections of land in Newberg Township, and more than 23 government sections of land in Barton Township. As in the original organization, the lines of the district did not conform to section lines, and some of the subdistricts remaining in each of the said townships contained, after the consolidation, irregular tracts, embracing portions of sections, and containing a total of less than four government sections.

Said last consolidation also included a portion of Subdistrict No. 1 in Deer Creek Township, Worth County, and left in said subdistrict, after said consolidation, less than four government sections of land, but left in said Deer Creek Township, after said consolidation, a total of approximately 34 government sections of land. This last election was held on June 25, 1917.

From the foregoing, it will be noticed that these proceedings for consolidation were all had prior to July 4, 1917, the date upon which Chapter 432 of the Acts of the Thirty-seventh General Assembly went into effect, and therefore said proceedings were had under Section 2794-a of the Supplemental Supplement to the Code, 1915.

I. The contention of the appellant is that the proceedings for the organization of the original Consolidated Independent School District of Carpenter were void, and also those for the

**1. Schools and school districts: consolidated districts: division of subdistricts.** organization of the new district, because, in each instance, the lines of the district were so arranged as to divide subdistricts, and leave less than four government sections of land in various subdistricts. It is conceded, however, that in each district township, after the consolidation, there remained more than four government sections of land which were contiguous. Appellants lay great stress upon the fact that the thirty-sixth general assembly amended the statute as it existed prior to that time, and added thereto the following:

"And where after the formation of such consolidated school corporation, whether heretofore or hereafter formed, there is left in any school township one or more subdistricts each of such subdistricts containing four or more government sections, each of such pieces of territory shall thereby become a rural independent school corporation, and it shall be the duty of the officers of the former school township to call an election in each of such rural independent districts for the purpose of electing school officers in the manner provided by law for the election of officers in rural independent school corporations."

It is urged by the appellants that, when the vote was recorded for consolidation, the same vote automatically made independent districts of each subdistrict of four sections or more remaining in the district township. It is argued that the district proposed for consolidation could not take part of a subdistrict so as to leave less than four government sections, because it was obligatory to make independent districts of at least four sections each, at the same time the vote was taken for the consolidation. It is conceded that certain of the subdistricts were divided in such a way as to leave less than four

government sections of land therein, and it is argued that the consolidated district in question was illegally formed, because its lines separated certain of the subdistricts so that they could not become "rural independent districts containing not less than four government sections of land."

The theory of appellants is that the school township lying outside of the consolidated district is entirely destroyed as a corporation; that each subdistrict automatically becomes a rural

2. Schools and school districts: consolidated districts: inclusion of subdistricts: effect.

independent district by the vote of consolidation; and that there can be no district township left and no territory left therein, outside of an automatically formed rural independent district.

We think the question as to the status of subdistricts and portions of subdistricts left in townships under this statute is not open to review by us at this time. We had occasion to pass upon a situation almost identical with that in the case at bar in *State v. Wald*, 184 Iowa 51, and in that case, we discussed the statute in question and the effect of the formation of a consolidated independent school district which left subdistricts of four government sections in the old school township, and also which left in the district township "disputed" territory irregular in size and not constituting a subdistrict. In the case at bar, as in the cited case, the so-called "disputed" territory is not isolated, but is contiguous to the several subdistricts remaining in the townships, no part of which was taken for the consolidated district. In said case, we said:

"It seems to us that Section 2794-a contemplates that, in the formation of consolidated districts, a subdistrict composed of four or more sections might be isolated, and could better conduct its affairs as an independent corporation than as a part of a corporation to which it was not contiguous; and hence provision is made that same shall automatically become an independent school corporation; and that it has no reference to subdistricts, or parts thereof, contiguous to and remaining in the school township after the formation of a consolidated district. Upon this theory, the so-called disputed territory and the several subdistricts in Lafayette Township are in no wise affected by the formation of said consolidated district, but constitute, as be-

fore, a school corporation, except that a portion of its former territory has been taken with other territory, and formed into a consolidated district. * * * It is our conclusion, therefore, that the Gilbert Consolidated Independent School Corporation was legally organized; that the defendants are the legally elected and qualified officers thereof; and that the so-called disputed territory remains a part of the district township; and that the several subdistricts thereof do not automatically become independent school corporations, but remain subdistricts, and a part of the district township of Lafayette, as before."

In *State v. Phillips*, 186 Iowa 1052, we had before us again a similar proposition, in which, as in the case at bar, we were asked to overrule *State v. Wald*, supra. This we declined to do, and we said further:

"Now, a subdistrict is not a 'school corporation.' It is but a part or subdivision of the school township corporation. It is not pretended that the school township is reduced in territory to less than four sections, or that the board of directors of such corporation may not redistrict the territory under its jurisdiction in such manner as to afford reasonably adequate school advantages to all its inhabitants of school age, including those who have not been taken into the consolidation. It cannot be presumed that the board of the school township will neglect its duty in this respect; but, should it fail therein, the remedy for its neglect or refusal is, ordinarily at least, through appeal to the county superintendent, and not by striking out of existence the consolidated district, of which the complainants are neither residents nor electors. To repeat, the statute referred to, which protects the school corporation against diminution of its territory below four sections, and requires that such remnant shall be so situated as to form a suitable corporation, is not applicable to the loss of territory by a subdistrict through the organization of a consolidated district."

These cases are determinative of the interpretation to be placed upon the statute as it existed at the time of the organization of the district in question, as to both the original consolidated district and the extended or newly formed district. We have no disposition to depart from this rule, in construing the statute as it then was. The thirty-seventh general assembly has further

amended the statute, but with that change we have no concern on this appeal. Furthermore, there is nothing shown in the case by which we could find that the subdistricts and portions thereof left in these townships are isolated, and not contiguous and continuous, and that they are not so situated as to form a suitable school corporation in each of said townships; nor is any claim made in the record that the school patrons within the subdistricts that were divided by the new organization will not have convenient school advantages. It is to be presumed that the officers in these school townships have done or will do their legal duty in providing schools for the inhabitants of this territory, under the changed conditions.

II. It is argued that a consolidated district cannot "reconsolidate" and include additional territory, without first dissolving in the manner provided by statute.

3. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: reconsolidation.

In *Arnold v. Consolidated Ind. Sch. Dist.*, 173 Iowa 199, we held that a school district consolidated under the provisions of the statute might again avail itself of the same provisions of the law, and effect a further or second consolidation. There can be no doubt of the right of a consolidated district to reconsolidate and enlarge its territory, provided that the proceedings are in accordance with the statute.

III. Much is said in argument by the appellant about so-called "fraud," because the lines of the corporation are irregular, zigzag, and in some instances divide a farm, leaving part of it within the consolidated district and part of it without. All of the proceedings for the organization of the district appear to have been legal, and in accordance with the law. We cannot, in this proceeding, review the discretionary action of the board of directors, or of the voters in fixing the boundaries of the district. The electors had a perfect right, under the statute as it then was, to petition for such a district as they desired. The boundaries were fixed, the election held according to law, and there is nothing in the record upon which we could disturb the action so taken in this proceeding. In *State v. Phillips*, supra, we said:

4. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: fraud in fixing boundaries.

"The proceeding is essentially legislative in character, the

power and authority for which the general assembly has delegated to the electors of the designated territory, whose wishes in that respect are to be determined at an election to be called for that purpose.''

See, also, *Arnold v. Consolidated Ind. Sch. Dist.*, supra.

We find no illegality in the proceedings in the organization of the consolidated school district in question. The decree of the lower court is—*Affirmed.*

WEAVER, STEVENS, and ARTHUR, JJ., concur.