J. E. BROOKER et al., Appellants, v. CARRIE E. LUDLOW, Appellee.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Schools—Remand on Certiorari. A holding on certiorari that a county board of education has exceeded its jurisdiction in proceedings for the organization of a consolidated district, does not have the effect of nullifying the entire proceeding *ab initio,* but simply necessitates a remand to the board, where the illegality occurred, with direction to the board to proceed anew, and within the limits of its jurisdiction.

*Appeal from Madison District Court.*—J. H. APPLEGATE, Judge.

NOVEMBER 22, 1921.

ACTION of mandamus, to require the defendant, as county superintendent of schools in Madison County, Iowa, to issue call for an election upon the organization of a consolidated independent school district. The application was denied by the trial court, and plaintiffs appeal.—*Affirmed.*

*W. S. Cooper* and *J. P. Steele,* for appellants.

*J. E. Tidrick* and *Phil R. Wilkinson,* for appellee.

WEAVER, J.—On September 15, 1919, there was filed in the office of the county superintendent of schools in Madison County a petition signed by the requisite number of voters, for the establishment of a consolidated district, to be composed of the territory embraced in Subdistricts 2, 4, 5, 6, 7, and 8, in the township of Jefferson in said county. The superintendent, acting upon the petition, gave proper notice thereof, and that ob-

jections thereto would be heard on October 4, 1919. On the date named, certain persons made objection to the petition, and asked that the plan of the proposed consolidated district be modified by including therein Subdistrict No. 9, and by excluding therefrom Subdistrict No. 2. The objections were overruled, and two of the objectors took an appeal to the county board of education. On the hearing upon that appeal, the board sustained the objections to the petition, and ordered that Subdistrict No. 2 should be excluded and Subdistrict No. 9 included in the proposed consolidation. Thereupon, the petitioners sued out from the district court a writ of certiorari, to review the action of the board. At the hearing upon the return to said writ, the order of the board of education was set aside, as having been made without due authority, which ruling was later affirmed, upon appeal to this court. See *Brooker v. Ludlow,* 189 Iowa 760. Immediately after the final disposition of the certiorari proceeding, the petitioners applied to the county superintendent to call an election upon the organization of the consolidated district as originally asked; but the superintendent, being in doubt as to her duty in the premises, refused the application. Following this refusal, the plaintiffs instituted this action, reciting the facts substantially as above stated, and asked that peremptory mandamus issue, directing the superintendent to issue a call for an election upon the proposition to organize the proposed consolidated district. Answering the petition, defendant contends that the effect of the certiorari proceeding was to annul and make ineffective all prior proceedings, and that to effect the organization of the proposed district will require new proceedings *ab initio.* The trial court, Honorable J. H. Applegate presiding, ruled that the result of the certiorari case and its affirmance was to annul and set aside the order of the board of education, and to require a remand of the matter to said board for its further action within the limits of its jurisdiction; and being of that view, it refused the writ of mandamus against the county superintendent.

It will thus be seen that the only difference between the views of the court and of the appellants is with reference to the tribunal to which the proceedings for the district consolidation are to be remanded: the court holding that it should be to

the board, where the mistake was made; while appellants argue that it should go one step further back, to the superintendent, from whom a notice of election must issue, if one is to be called. There seem to be no statutory directions to be observed in such cases; but, following the analogy afforded by the practice in ordinary actions, we are disposed to agree with the trial court that the remand should be to that court or tribunal where the error occurred. We think the position of the defendant, that the mistake of the county board in exceeding its jurisdiction has the effect to invalidate all prior proceedings, cannot be approved. In a somewhat similar case, we held that it was not necessary to file a new petition, but that original proceedings must be had from the point where the error occurred. See *State v. Consolidated Ind. Sch. Dist.*, 190 Iowa 903.

Following that precedent, we hold that the ruling below should be affirmed, without prejudice to the right of the plaintiffs to proceed in the manner here indicated.

The judgment appealed from is, therefore,—*Affirmed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.