STATE OF IOWA ex rel. J. W. COON et al., Appellees, v. J. A. ORR et al., Appellants (and five other cases).

**SCHOOLS AND SCHOOL DISTRICTS: Consolidated Districts—Illegal**
1 **Inclusion of Territory.** An election on the question of organizing a consolidated school district is invalidated by including in the proposition lands *not* called for by the petition, and *not* ordered by the county board of education to be included, except by the consent of the individual members, separately and over the telephone, to such inclusion.

**SCHOOLS AND SCHOOL DISTRICTS: County Board of Education—**
2 **Attempted Official Action Over Telephone.** A decision or action by the county board of education which has no other sanction than an assent thereto by the individual members separately, over the telephone, cannot supplant the previous contrary official action of the board.

*Appeal from Clarke District Court.*—P. C. WINTER, Judge.

SEPTEMBER 30, 1921.

SUPPLEMENTAL OPINION DECEMBER 15, 1921.

THE first of the above-entitled actions is in quo warranto, to test the right to hold the office of school director in the consolidated independent school district of Hopeville, Clarke County, Iowa. Plaintiff claims that the district was never legally organized, and that, therefore, the persons claiming to have been elected directors thereof are not such officers, and that they have no right to exercise the functions. The case was tried to the court as in equity. The other cases were tried with it, under a stipulation that they should abide the result of the quo warranto case. One of the other cases is a certiorari proceeding; others are actions brought in Clarke County and Decatur County, to require the other school districts to turn over funds to the consolidated district. In the certiorari case, the court found that the action of the board of education in attempting to change its decision by telephone, after the board had adjourned, was without effect, and that said board in fact affirmed the decision of the county superintendent, who had overruled objections filed to the establishment of the district. In the other cases, the court found that the different school districts were not required to turn over funds, because the consolidated district had not been legally established. Decrees were entered in the several cases, but the record presented here is, for the most part, the record made in the quo warranto case, in which the trial court found for plaintiffs, and that the consolidated district had no legal existence, and that the defendants who assumed to act as officers thereof were without authority to do so. The defendants appeal.—*Affirmed.*

*Temple & Temple* and *McGinnis & McGinnis,* for appellants.

*O. M. Slaymaker* and *A. M. Miller,* for appellees.

PRESTON, J.—1. The several school districts sought to be consolidated are situated in three counties, Clarke, Decatur, and Union. No schoolhouse has been built in the new consolidated

1. SCHOOLS AND SCHOOL DISTRICTS: consolidated districts: illegal inclusion of territory. district, and no bonds have been issued. No money has been spent, except that the persons acting as directors of the consolidated district rented a building or buildings, hired teachers, and maintained the school for the year now closed. As we understand the record, the schoolhouses in the several districts are in place.

On February 9, 1920, there was filed in the office of the county superintendent of Clarke County a petition for the organization and establishment of a consolidated district. The superintendent thereafter gave notice thereof, as provided by the statute, which notice described the territory as it was given in the petition. Thereafter, one L. C. Smith filed written objections, which, after referring to the petition and describing the territory, or a part of it, gave as the grounds for his objection: First, that the description as given in the petition does not include all of said district No. 6; second, that the west boundary of the territory described above should be extended to the river known as Grand River. The objections were overruled by the superintendent, and the objector appealed to the board of education. In due time, this board was regularly convened, and, on motion regularly made, the objections of Smith were overruled by the board, thus sustaining the county superintendent. This was in the forenoon. The board then adjourned. In the afternoon of the same day, the superintendent received a special delivery letter from Smith in regard to the matter, the substance of which was communicated by telephone by the superintendent to the other members of the board of education,—or rather, as we understand the record, to all but one of them. Such communication was to the members of the board one by one. This was in the evening of the same day. The board was not again convened; but the individual members, except one, one by one, in the manner before indicated, assented or agreed that Smith's objections should be sustained; and thereafter the minutes of the meeting of the board in the morning, kept by the county superintendent, were destroyed or lost.

If the action of the individual members of the board is valid, the result would be that the board extended, and took in additional territory to that described in the petition. If such

action is not valid, and the objections were in fact overruled by the board of education, according to their action as a board in the morning, this would leave the boundaries of the proposed consolidated district and the territory embraced therein the same as that described in the petition. Notice of election by the superintendent, and the proposition voted upon, included the additional territory suggested by Smith in his objection.

We think the board of education had no authority to change their decision after they had adjourned and separated, and that their action in that regard is without legal effect. *Mills & Co. v. Collins*, 67 Iowa 164; 35 Cyc. 958; 24 Ruling Case Law 576. This being so, the result is that Smith's objections were overruled by both the superintendent and the board of education. In fairness to the county superintendent, it should be said that she supposed that, by the action of the individual members of the board of education, the objections were sustained. But she included in her notice of the election, and the proposition voted upon, additional territory of several land-owners—three at least—which was not included in the petition, which addition was contrary to the finding of the board of education when it overruled Smith's objection. The effect of this was that the superintendent herself gave notice, and submitted the proposition which included in the boundaries additional territory outside of that petitioned for. This she could not do. *Brooker v. Ludlow*, 189 Iowa 760. In that case, we held that this could not be done by either the superintendent or the board of education; but it may be that this was qualified somewhat in *State ex rel. Martinson v. Consolidated Ind. Sch. Dist. of Scarville*, 190 Iowa 903, as to the board of education.

2. SCHOOLS AND SCHOOL DISTRICTS: county board of education: attempted official action over telephone.

2. The point in Paragraph 1 of the opinion is the one most relied upon and most elaborately argued by both sides. It is contended by appellees that some of the territory left contained less than four government sections, and that other districts were split. We understand from the record that this is so, although the record is not very clear. The case was tried in the district court probably before some of the later decisions on the subject. We said, in *State ex rel. Martinson*, supra, that these provisions are mandatory. See, also, *State ex rel. Kirchgatter v. Thomp-*

*son,* 190 Iowa 1160.  In the last named case, however, the proceedings, or a part of them at least, were had prior to the last change in the statute.

We are of opinion that the trial court rightly decided the matter, and the judgment is, therefore,—*Affirmed.*

EVANS, C. J., WEAVER, STEVENS, ARTHUR, FAVILLE, and DE GRAFF, JJ., concur.

### SUPPLEMENTAL OPINION.

PER CURIAM.—The original opinion is modified to this extent:  Since the county superintendent submitted to the voters a proposition contrary to the order of the board of education while it was legally convened, the cause is remanded, with direction to the county superintendent to call another election on the petition as approved and found by the board of education in legal session.  As so modified, the petition for rehearing is overruled.