J. W. COON et al., Petitioners, v. DISTRICT COURT OF CLARKE COUNTY et al., Respondents.

STATE OF IOWA ex rel. J. W. COON, Appellant, v. J. A. ORR et al., Appellees.

SCHOOLS AND SCHOOL DISTRICTS: Trustees for Illegal Corporation. Upon the final determination in quo warranto proceedings that a de-facto public school corporation is not a de-jure corporation, the court should, on the application of a creditor, appoint three trustees to close up, under orders of the court, the affairs of such corporation. (Sec. 4328, Code, 1897.)

*Appeal from Clarke District Court.*—P. C. WINTERS, Judge.

OCTOBER 17, 1922.

REHEARING DENIED JANUARY 20, 1923.

Two cases are involved. One is an original action in certiorari in this court, to test the validity of the order of the district court. The other action is an appeal from said order. The two cases were submitted together, and will be treated as one. Petitioners in the certiorari case will be regarded as appellants, and all other parties as appellees. The decree appealed from is—*Affirmed.* The petition in certiorari is—*Dismissed.*

*O. M. Slaymaker* and *A. M. Miller,* for appellants.

*Temple & Temple* and *McGinnis & McGinnis,* for appellees.

FAVILLE, J.—On February 9, 1920, a petition was filed in the office of the county superintendent of Clarke County for the organization and establishment of a consolidated independent school district. Notices were given, as provided by law, and objections were filed to the establishment of the district. An appeal was taken to the board of education, which acted in the matter. Subsequently, an attempt was made to change the ruling of the board by the individual actions of the members, some of whom were communicated with by telephone. Subsequently an election was held, which carried. Proceedings were then instituted in quo warranto, to test the validity of the organization of said district, on the ground that a small tract was included in the proposed district that was submitted to the voters at the election, which was not duly petitioned for. Upon hearing, the court, on December 15, 1920, in said proceedings adjudged that the proper proceedings had not been had, and that the proposed school corporation had not been legally organized. The question of the validity of this decree was brought to this court, and the action of the lower court sustained. *State v. Orr,* 192 Iowa 1021. A supplemental opinion, on rehearing, was filed in said cause, directing that the county superintendent call another election on the petition as approved and found by the board of education. Such election was subsequently called and held, and the proposition for the organization of the proposed consolidated district was defeated.

It appears that, after the first election had been held, a board of directors had been duly elected for the said consolidated district, and teachers employed, and the transportation for pupils arranged for, and that the school was in actual operation, and was the only school in said district.

It also appears that the board of directors of said district had made an estimate of the amount of money necessary for use in conducting said school, and had certified the same to the boards of supervisors of the counties in which said district was located, and that said boards of supervisors had made the levies necessary to produce the amount of money that it was estimated would be required for the use of said consolidated district for

the school year beginning in September, 1920, and ending in June, 1921.

At the same term of court in which the decree was entered holding that the corporation had not been legally formed, and five days after the entry of the original order so finding, to wit, on the 20th day of December, 1920, the court entered what is known as a "supplementary decree" in said cause. It recites that the court finds from the evidence in the case that money had been collected for the purpose of conducting the school, and that said school was in operation; and the court appointed a "receiver," to receive and take charge of the money so collected in said district, and to use the same for the conducting of the school in said district, and for such purpose only,—in the payment of the salaries of teachers, janitor, fuel, etc.

At the time of the entry of the said "supplementary decree," the attorneys for appellants appeared and objected to the entry of said order. No appeal was taken from said order. The opinion of this court was filed September 30, 1921, and the supplemental opinion December 15, 1921.

Procedendo issued from this court, and on or about the 6th day of February, 1922, McGinnis & McGinnis, attorneys, filed a petition in said proceedings, alleging that they were creditors of the consolidated independent school district, which was alleged to be a de-facto corporation. Said petition alleged that a good-faith attempt had been made to organize said consolidated district; that directors had been chosen in compliance with the law; and that the school had been in operation and contracts made for the employment of teachers and other expenses, prior to the commencement of the suit for the purpose of testing the legality of the formation of said district. The petition recited the proceedings in regard to the trial of said issue in the district court and in this court, and prayed the appointment by the court of three trustees, as provided by Section 4328 of the Code, to proceed under the direction of the court to collect the assets and adjust and pay the claims and indebtedness against the said district.

The appellants appeared by their attorneys, and made objections to the filing of said petition and to the granting of the relief sought therein. These objections were overruled, and the

court entered an order on February 6, 1922, appointing trustees to wind up the affairs of said consolidated independent school district, and directed the said trustees to proceed immediately to collect the amounts due said corporation, and to pay the liabilities of said corporation, under order of the court, to pay all claims duly filed and proven, and to divide the surplus, if any, among those legally entitled thereto, as thereafter found and determined by the court. It is to test the validity of this order of February 6, 1922, that the matter is presented to this court.

Much is said in argument about the so-called "supplementary decree" of December 20, 1920, providing for the appointment of a receiver to collect the money arising from taxes in said district and to spend the same in the operation of schools. Appellees concede that said supplementary decree may be regarded as invalid. In any event, no appeal was taken from it, and we cannot review it in this proceeding.

As we understand the record, the school was in operation at the time the order was made, and contracts had already been entered into for the operation of the school for the current school year. The supplementary decree did no more than to recognize an existing condition, and to authorize a party, who was designated as a receiver, to receive the money and expend the same in carrying out the said contracts.

No one questions the fact that a good-faith attempt was made to organize a consolidated independent school district in the manner provided by law. Our statutes provide that such a school district is a corporation. Its affairs are to be managed by a board of directors, elected by the electors of said district. After the election for the purpose of organizing said district had been held, a board of directors was elected for said corporation, tax levies made, and contracts entered into for the carrying on of the business of said corporation, to wit, the conducting of a school; and the corporation actually engaged in said business, by the employment of teachers and the operation of a school. All of this was done prior to the final adjudication that the proceedings for the incorporation of said district were not legal. It was a de-facto corporation, and was acting as a corporation at the time the proceedings were instituted to test

the legality of its organization, and at the time the decree was entered, December 15, 1920, holding that the organization was illegal.

In *State v. Fidelity Loan & Tr. Co.*, 113 Iowa 439, we said:

"Undoubtedly, a corporation may continue in existence for the purpose of appealing from and testing an order dissolving it, for its life is then the issue. Until the final adjudication, no one may say it has ceased to exist."

So, in the instant case, the corporation was not finally adjudicated to have been illegally organized until the determination of that question in this court. It was a de-facto corporation during all of said time. It had assets and property; it had outstanding obligations; it had been functioning according to the purpose for which it was attempting to be organized; and all its acts and doings had been in good faith. What was the status of this de-facto corporation when, upon final adjudication, it was determined that it had not been legally organized? It had assets, and likewise liabilities. The proceedings called in question here were instituted under Section 4328 of the Code, which is as follows:

"If a corporation is ousted and dissolved by the proceedings herein authorized, the court shall appoint three disinterested persons as trustees of the creditors and stockholders."

The court appointed three disinterested persons as trustees, under the provisions of this section. It is contended that the section has no application to a corporation of the character referred to. The original action, to test the validity of the corporation, was brought under the provisions of Chapter 9, Title XXI, of the Code, which contains the section above quoted. The statute (Code Section 2743) provides that school districts are corporations, and the statute providing for the organization of such a corporation designates it as a "consolidated independent school corporation." Code Supplemental Supplement, 1915, Section 2794-a, and amendments thereto.

In *Nelson v. Consolidated Ind. Sch. Dist.*, 181 Iowa 424, we said:

"A school district is, under our statutes, a public corporation, and as all parties, in undertaking to organize the district in controversy and in selecting officers thereof, acted in good

faith, the Consolidated Independent District of Troy Mills is a de-facto corporation. To constitute a corporation de-facto, three things are necessary: (1) Some law under which a corporation with powers assumed may lawfully have been created; (2) a colorable and bona-fide attempt to perfect an organization under such a law; and (3) user of the rights claimed to have been conferred by the law,—that is, of the corporate franchise.''

It being true, therefore, that the corporation in the instant case is a de-facto corporation, and that it has property rights and outstanding obligations, what is its status as such de-facto corporation when it has been finally adjudicated in a proper proceeding that it was not legally organized? We think that Section 4328 of the Code points out a clear, definite manner in which to reach such a situation. This was followed.

A question is raised that notice of the application for the appointment of trustees was not served upon the appellants, and that the petition of the creditors of said corporation was not sufficient to give the court jurisdiction to appoint trustees. The statute provides that, if the corporation is ousted and dissolved by the proceedings authorized, the court shall appoint trustees.

The final adjudication of the invalidity of the organization of the corporation was had in this court, and procedendo was duly issued and filed in the lower court. Thereupon, the status of the matter was brought to the attention of the court by a petition by a creditor interested in the disposition of the assets of the corporation. This was proper. Furthermore, the record shows that counsel for the appellants appeared in said proceeding, and filed objections thereto. We think the court had jurisdiction, upon such a record, to enter an order appointing trustees to take charge of the assets of said corporation and to proceed, under the orders of court, to determine the liabilities of said corporation and its assets.

We do not have before us, and do not attempt to in any manner decide, the question as to the manner of the distribution of the assets of the corporation, or the rights of creditors or claimants. All of said matters are to be determined by the lower court, upon the presentation of claims or report of the trustees or otherwise, as the case may arise in the future.

We hold that the lower court had power to enter the order of February 6, 1922.

The decree appealed from is—*Affirmed;* the petition in certiorari is—*Dismissed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.