STATE OF IOWA ex rel. REUBEN MOULTON, Appellant, v. CON-
SOLIDATED INDEPENDENT SCHOOL DISTRICT OF BUCK
CREEK et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—Pro-
cedure—Retracing Steps to Avoid Illegality. A publication *with-
in the statutory time* (Ch. 149, 38 G. A.) of notice of hearing on
a petition for the establishment of a consolidated school district
gives the county superintendent such jurisdiction over the subject-
matter that, upon later discovering his inadvertent disregard of ma-
terial provisions of law, he may validly retrace his steps, *republish*
the notice, and proceed as in case of an original filing.

*Appeal from Delaware District Court.*—H. B. BOIES, Judge.

FEBRUARY 17, 1923.

QUO warranto, to test the legality of the organization of a
consolidated independent school district. Judgment and decree
for the defendants. Plaintiff appeals.—*Affirmed.*

*Carr & Carr* and *Edwards, Longley, Ransier & Harris,* for
appellant.

*Bronson & Tierney* and *Blair & Doolittle,* for appellees.

STEVENS, J.—A petition for the establishment of the con-
solidated independent school district of Buck Creek was filed in
the office of the county superintendent of Delaware County,
April 12, 1921. Notice fixing the time for filing objections
was duly published. Reuben Moulton, relator herein, and two
others filed objections in writing. A hearing was had .be-
fore the county superintendent, resulting in a decision in
favor of the petitioners. Notice of appeal to the county board
of education was given by all of the objectors, but the county
superintendent failed to notify Moulton by registered letter,

as required by statute, of the time fixed for the hearing of
the appeal. The county board of education sustained the de-
cision of the county superintendent. That official, having later
discovered his failure to give notice to Moulton of the time
fixed for hearing the appeal before the county board of educa-
tion, on May 19, 1921, caused a new notice to be published, fix-
ing the time within which objections to the proposed district
might be filed. This notice was, of course, published after the
time designated by the statute. Within the time fixed, two of
the original objectors caused their previous objections to be
refiled. Upon hearing, the county superintendent again found
in favor of the petition, and, upon appeal to the county board
of education, his decision was affirmed. An election, duly called,
resulted in a majority in favor of the proposed school district.
The defendants, except the school corporation, are the directors
elected by the electors of the new consolidated district.

Chapter 149, Acts of the Thirty-eighth General Assembly,
authorizes the filing of a petition for the establishment of a
consolidated district. It reads, in part, as follows:

"When a petition describing the boundaries of contiguous
territory containing not less than sixteen sections, within one
or more counties, asking for the establishment of a consolidated
independent school district and signed by one third of the quali-
fied voters residing therein, is filed with the county superintend-
ent of the county in which the largest number of qualified
voters in the proposed district reside, he shall within ten days
give public notice of the place and date when all objections shall
be filed. * * * All notices under this act shall be by one publica-
tion in a newspaper published within the proposed district or
if there be none, then in a newspaper having general circulation
within the proposed consolidated district, which publications
shall be made not less than five days nor more than fifteen days
prior to the hearing or election to which they refer. Objections
may be made by any person residing upon or owning land within
such proposed boundaries or who would be injuriously affected
by the formation of the proposed district and shall be on file not
later than twelve o'clock noon of the day fixed for receiving ob-
jections. Within five days after such filings the county super-
intendent shall review all papers filed in his office and after

careful review and investigation of their merits shall overrule or sustain the objections filed and fix and determine the boundary lines of the proposed consolidated district. In determining these boundaries he shall so locate the boundary lines as will in his judgment form the best possible consolidated district, having due regard also to the welfare of adjoining districts. He shall also notify at once all objectors by registered letter of his decision. Any person having filed objections and being aggrieved by the ruling of the county superintendent may appeal from his decision to the county board of education within ten days after the decision is rendered, by serving written notice on the said county superintendent. Within five days after said notice has been received, the county superintendent shall file with the county board of education all of the original papers together with his decision and fix the time and place where such appeal will be heard and shall give notice to appellants by registered letter as heretofore provided.''

It is the claim of appellant that the duty imposed upon the county superintendent by the foregoing enactment of the legislature is mandatory, and that, unless it is exercised within the time fixed, he loses jurisdiction and authority to proceed, without the filing of a new petition. The duty imposed upon the county superintendent is clearly mandatory: that is, he cannot refuse to act. Doubtless, in case of his refusal to cause the required notice to be published, an action in mandamus would lie, to compel him to do so. Thus far, at least, the mandatory character of the statute must be conceded. Does this, however, necessarily operate as a limitation upon the jurisdiction and authority of the county superintendent to cause a new notice to be published, in order that a fatal defect in the subsequent procedure may be corrected? The evident purpose of the legislature was to require prompt action upon the part of the county superintendent. His duty to cause the notice to be published within the time fixed is mandatory. The duty imposed is, therefore, an affirmative one; but we are not inclined to accept the view of counsel for appellant that the statute was also intended to place a limit upon the jurisdiction or authority of the county superintendent to cause notice to be published after the time fixed. We need not, however, decide this point. The county

superintendent did cause a proper notice to be published within the time fixed by the statute. Jurisdiction was thereby acquired to proceed under the statute to do all that is thereafter required for the establishment of a consolidated independent school district. Jurisdiction having been acquired, it was not lost by the omission of the county superintendent to give notice by registered letter to Moulton of the time fixed for the hearing before the county board of education. Surely, the county superintendent had authority to correct the error. With whether this could have been done without the publication of the notice complained of, we are not here concerned. The construction of the statute contended for is rather technical, and hardly in keeping with its spirit or purpose. While not decisive of the question before us, the following cases lend some support to the contention of appellees that the statute was not intended to limit the jurisdiction of the superintendent to cause notice to be published strictly according to the time fixed by the statute. *State v. Consolidated Ind. Sch. Dist.,* 190 Iowa 903; *Brooker v. Ludlow,* 192 Iowa 553; *State v. Orr,* 192 Iowa 1021; *State v. Lockwood,* 181 Iowa 1233; *State v. Bernholtz,* 106 Iowa 157; *McDunn v. Roundy,* 191 Iowa 976; *Younker v. Susong,* 173 Iowa 663.

We are of the opinion that, as the county superintendent acquired jurisdiction by the publication of a proper notice, he was not without authority to back up and correct the error complained of, and that his authority was not exceeded by the publication of the second notice, and that the subsequent proceedings are legal and valid. The judgment of the court below is— *Affirmed.*

PRESTON, C. J., WEAVER, EVANS, FAVILLE, and DE GRAFF, JJ., concur.