GILBERT S. GILBERTSON, Treasurer of the State of Iowa, Appellant, v. DAYTON H. BALLARD and W. E. CHILCOTE, JR., Executors of the Last Will and Testament of A. W. CHILCOTE, Deceased.

**Inheritance tax.** Property which passed to collateral heirs under the will of a testator who died prior to the passage of the collateral inheritance tax law, is not subject to a tax, as the statute is not retroactive in its operation

*Appeal from Washington District Court.*— HON. W. G. CLEMENTS, Judge.

WEDNESDAY, OCTOBER 26, 1904.

ACTION to recover collateral inheritance tax.   The petition was dismissed, and the State appeals.— *Affirmed.*

*Chas. W. Mullan, Attorney General,* and *Marsh W. Bailey,* for appellant.

*Eicher & Wilson,* for appellees.

LADD, J.— A. W. Chilcote died testate April 25, 1895, and his will was admitted to probate in May of the same year.   He left a widow, but no children.   The sum of $15,-000 was bequeathed to his relatives, to offset sums previously advanced to relatives of his wife, and this was paid prior to July 1, 1896.   To her he gave the income of the entire estate until her death, which occurred in March, 1901, and directed that all the property should then be converted into money, and certain sums paid to named collateral heirs of himself, and others in equal amount to collateral heirs of his wife, and that any moneys remaining should be divided among these legatees in proportion to the amounts specifically named. The executors have reduced the property to cash, are ready to pay it over to those entitled thereto, and would doubtless have done so but for the interposition of the State's claim for the collection of the collateral inheritance tax.   The statute first exacting this tax was enacted by the Twenty-Sixth General Assembly, and took effect July 4, 1896, more than a year after the testator's death.   See chapter 28, page 35, Acts Twenty-Sixth General Assembly.   Unless retroactive in operation, the property is not subject to the inheritance tax.   All statutes are to be construed as prospective in their operation, unless the contrary is distinctly expressed' or is to be clearly implied.   Section 1 of the above chapter reads: " All property   *   *   *   which shall pass by will, or by the intestate laws of this or any other State, or by

deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor," to persons other than those described, " shall be subject to a tax.   *   *   *   The tax aforesaid shall be and remain a lien on such estate from the death of the decedent until paid." See section 1467, Code. The only fair construction to be given this language is that it refers to property which shall thereafter pass, and, if so, the tax is not exacted on any which has been previously transferred by any of the modes mentioned. It is not material to this inquiry whether we say the property is taxed because of the succession thereto by collateral heirs, or that the right of succession merely is taxed; for in either event the right to the property attached *eo instante* upon the decedent's death (*Horriott v. Potter,* 115 Iowa, 648), and is not within the terms of the statute. This view is in harmony with the construction usually given similar enactments. See, as bearing thereon, *In re Seaman's Estate,* 147 N. Y. 69 (41 N. E. Rep. 401) ; *Oyon's Succession,* 6 Rob. (La.) 504 (41 Am. Dec. 274) ; *Howe v. Howe,* 179 Mass. 546 (61 N. E. Rep. 225), 55 L. R. A. 626; *Provident Hospital, etc., Ass'n v. People,* 198 Ill. 495 (64 N. E. Rep. 1031) ; 27 Am. & Eng. Enc. of Law, 341; *In re Williamson's Estate,* 153 Pa. 508 (26 Atl. Rep. 246) ; *McClain v. Pennsylvania Co.,* 108 Fed. Rep. 618 (47 C. C. A. 529).— *Affirmed.*