STATE OF IOWA, EX REL N. J. BATES, Appellant, v. F. E. PAYTON ET AL.

**Municipal elections:** STATUTES: REPEAL: EFFECT. A repealing statute, though absolute in terms, may nevertheless continue in force for some purposes and to some extent the statute repealed; as in the case of chapter 26, Acts 32d General Assembly, repealing sections 645 and 646, and changing in many respects the organization of city governments and election of officers, although taking effect on its publication in March, 1907, it still provides that in cities of the second class in which officers are elected in the even numbered years, they shall be elected in 1908 in accordance with the statute repealed, and not until 1910 are councilmen to be chosen as provided in the act.

*Appeal from Taylor District Court.*— HON. H. M. TOWNER, Judge.

THURSDAY, JULY 9, 1908.

BY leave of the lower court this action was instituted to determine the right of defendants to hold office as councilmen of the city of Bedford. A demurrer to the petition

was sustained, and from judgment against the plaintiff, electing to stand upon the petition, this appeal is prosecuted.—
*Affirmed.*

*Haddock & Son,* for appellant.

*B. J. Flick,* for appellees.

McCLAIN, J.— Prior to the enactment of the statute hereinafter referred to the city council, in cities of the second class, was composed of the mayor and two councilmen from each ward (Code, section 645), and the members of the council from each ward were elected in alternate years (Code, section 646, par. 2). In 1907 the Legislature passed a statute (32d Gen. Assem. chapter 26), changing in many respects the law as to the organization of city governments and the election of officers therein. By that act Code, sections 645, 646, were repealed, and it was declared that the council in such cities shall consist of two councilmen at large and one councilman from each ward, to be selected (as provided in section 3 of that act) as follows:

On the organization of a city or town, or on its reorganization after the change of its class, or at the first regular municipal election hereafter, a council shall be elected as follows, except that in those cities of the second class that elect a mayor in odd-numbered years, the term of those councilmen and officers expiring in 1908 is extended one year; in those cities of the second class that elect a mayor in even-numbered years, the term of those councilmen and officers expiring in 1909 is extended one year, and at the municipal election at which a mayor is elected in 1909 or 1910, as the case may be, the council shall be elected in accordance with the provisions of this act, by the election of two councilmen at large, etc. . . . Thereafter, the successors of such councilmen at large and ward councilmen, . . . shall be chosen at the regular biennial elections, and shall hold office for two years. . . .

In March, 1908 — that is, after the taking effect of the statute above referred to — the city of Bedford, a city of the second class, composed of three wards, held a city election, at which three councilmen, one from each ward, and two councilmen at large were voted for, and the relator and one Montgomery were, by the board of canvassers, duly declared elected councilmen at large, but the defendants were by the judges of election for each ward declared elected councilmen from their respective wards, and on subsequently applying to the newly elected mayor, they were sworn into office, and the relator and said Montgomery, although they had taken the oath of office before a notary public, were refused recognition as members of the city council.

It is evident that the election was invalid, either as to the relator and Montgomery, voted for as councilmen at large, or as to the three defendants, voted for as councilmen from their respective wards. If the election was under Acts 32d General Assembly, then the councilmen at large were properly elected, and the council consisted of these two councilmen at large and the members of the former council, one from each ward holding over; for there is nothing in the statute to warrant the construction that the holdover members were being legislated out of office before the terms for which they had been elected had expired. But if the election was under the provisions of the Code as they stood prior to the change, then the council consisted of the three members, one from each ward, holding over, and the three defendants.

The repeal of Code, sections 645, 646, by Acts 32d General Assembly, above referred to, was in terms absolute. But a repealing statute, although absolute in terms, and declared to be in full force and effect from the time of publication as provided for therein, may nevertheless continue in force, for some purposes and to some extent, the provisions of the statute repealed. In *Smith v. People,* 47 N. Y. 330,

an absolute repeal was held to be qualified by reason of a purpose manifested in the repealing statute as to the subject-matter not covered by the repealing statute. The language of section 3 of the statute as above quoted expressly contemplates that in some of the cities of the State elections shall continue to be held, in accordance with the provisions of Code, section 646, until a future time. It is provided that, in cities of the second class electing a mayor in even-numbered years, the terms of councilmen and officers expiring in 1909 is extended for one year, and that at the election at which a mayor is elected in 1910 the council shall be elected in accordance with the provisions of this act. We reach the conclusion that, while Acts 32d General Assembly, above referred to, came into full force and effect at the date of its publication in March, 1907, it was expressly provided by that act that elections of councilmen and other officers in cities of the second class, in which mayors are elected in even-numbered years, should be held in 1908, as provided for in Code, section 646, and that in 1910, for the first time, councilmen should be elected in accordance with the provisions of the act. Therefore the defendants were duly elected councilmen from their respective wards, and entitled to hold office for two years; and, as no councilmen at large were to be chosen at that election, the relator and Montgomery did not become councilmen at large, although voted for at that election, and declared to be elected by the board of canvassers.

The judgment of the trial court is *affirmed.*