SARAH E. ARNOLD v. THE BOARD OF SUPERVISORS OF
KOSSUTH COUNTY, Appellants.

**Drainage:** STATUTES: TIME OF TAKING EFFECT.  The Act of the
Thirty-third General Assembly, amendatory of the drainage laws
and relating to appeals, provides that it shall take effect from
and after its publication and was not therefore in force on the
day of its publication, but from and after that date; so that the
amendment was not applicable to an appeal taken on the day
of its publication.

**Same:** STATUTES: RETROACTIVE EFFECT: APPEAL: JURISDICTION.  Where,
as in this case, plaintiff appealed from a drainage proceeding
by notice of appeal with a bond in accordance with the existing
law, a statute taking effect the day after the filing of the notice
of appeal and bond, and making appellant's failure to file a peti-
tion in such case a waiver of appeal, did not have the retroac-
tive effect of depriving the court of jurisdiction of the appeal
already taken.

*Appeal from Kossuth District Court.*—HON. D. F. COYLE, Judge.

MONDAY, APRIL 10, 1911.

PLAINTIFF appealed to the district court from the action of the board of supervisors in assessing her land for the benefits resulting thereto from the making of a drainage improvement. There was a motion to dismiss such appeal on the ground that plaintiff had failed to file a petition as required by section 13, chapter 118, of the Laws of the 33d General Assembly. This motion was overruled, and the plaintiff was ordered to file such petition by a subsequent date on penalty of the dismissal of her action. From this ruling the defendant appeals. *Affirmed.*

*Harrington & Dickinson,* for appellant.

*W. B. Quarton* and *Archie Hutchinson,* for appellee.

McCLAIN, J.—Chapter 118 of the Laws of the 33d General Assembly is amendatory to various sections of the Code Supplement relating to drainage districts, and in section 13 of that act is found the following provision: "When an appeal authorized by this chapter is taken the county auditor shall forthwith make a transcript of the notice of appeal and appeal bond and transmit the same to the clerk of the district court, and the clerk shall docket the same upon payment by the appellant of the docket fee; and on or before the first day of the next succeeding term of the district court, the appellant shall file a petition setting forth the order or decision of the board appealed from and his claims and objections relating thereto; a failure to comply with these requirements shall be deemed a waiver of the appeal and in such case the court shall

dismiss the same." In April, 1909, plaintiff filed in the district court and caused to be properly served a notice of appeal from the action of the board of supervisors in making assessments against her land for a drainage improvement, which notice specified that the appeal would come on for a hearing and determination at the September term of the court. On the same day plaintiff filed the requisite appeal bond. These were the only steps necessary to be taken in instituting an appeal under the statutes as they existed and were in force prior to the enactment of the act of the Thirty-Third General Assembly, above referred to. That act was by the usual publication clause "to take effect and be in full force from and after its publication in" two named newspapers, and the Secretary of State certified that it was published in such papers on April 19, 1909, the same day as that on which the notice of appeal and bond were filed in the district court. Appellant contends, first, that in contemplation of law the act had gone into effect when plaintiff's appeal was taken and its provisions were therefore applicable to such appeal; and, second, that, even though it had not taken effect on the day when the appeal was taken, it was applicable to subsequent proceedings on that appeal; and in either event that the court erred in refusing to dismiss the appeal because plaintiff had not filed a petition before the first day of the term of court to which such appeal was taken, setting forth the decision appealed from and her claims and objections relating thereto.

I. We think it clear that the statute took effect "from and after" the date of its publication and not on such date. As a general rule in computing time the first day is excluded. See Code, section 48, paragraph 23; *Chicago Title & Trust Co. v. Smyth,* 94 Iowa, 401. There may be cases in which the nature or language of a statute or contract require the inclusion of the date from and after which a

1. DRAINAGE: statutes: time of taking effect.

thing is to be done, if the validity of an act is to be determined with reference to a period described as "from and after" a specified date; but it seems to us quite clear that where a statute is to take effect "from and after" a specified date, that date should be excluded. This conclusion is supported by express authority in other states. *O'Connor v. City of Fond Du Lac,* 109 Wis. 253 (85 N. W. 327, 53 L. R. A. 831); *Parkinson v. Brandenburg,* 35 Minn. 294 (28 N. W. 919, 59 Am. Rep. 326).

II. It may well be as contended for appellant that the subsequent proceedings in the case should be in accordance with the statute in force at the time such proceedings were taken, although passed after the court had acquired jurisdiction of the appeal, and the lower court evidently entertained this view, for, it required a petition to be filed by a date fixed. But we do not think that the subsequent passage of a statute requiring the filing of a petition could deprive the court of a jurisdiction already acquired by proceedings in accordance with the existing law at the time such appeal was taken. If the filing of a petition prior to the first day of the succeeding term was not a jurisdictional matter, we certainly would not be justified in overruling the discretion of the lower court in allowing the filing of a petition when complaint was first made of a failure to comply with the provisions of the subsequent statute. We can not see how the statutory provision that a failure to file a petition shall be deemed a waiver of the appeal could be applied to an appeal already taken. Certainly, the provision of the subsequent statute would not deprive the court of jurisdiction in the case.

2. SAME: statutes: retroactive effect: appeal: jurisdiction.

The court therefore committed no reversible error in refusing to dismiss the appeal, and its order in that respect is *affirmed.*