EMMETT MOLES, Appellee, v. STELLA DALAND, County Superintendent, Fremont County, Appellant.

No. 43013.

DECEMBER 17, 1935.

Harold Martin, and Genung & Genung, for appellant.

Earl C. Fishbaugh, Jr., for appellee.

MITCHELL, J.—Plaintiff is a resident of Fisher township,

Fremont county, Iowa, and resides on a farm located one-quarter of a mile from the corporate limits of the city of Shenandoah. He has two children of grade-school age, Francis, aged 12, and Marjorie, aged 6. At the time of the trial these children were in the seventh and first grades, respectively, attending school at the Junior High School and the Lowell Avenue School, in Shenandoah. They reside nearer a schoolhouse in the adjoining corporation and more than two miles from the nearest public school of Fisher township, the corporation of plaintiff's residence. Plaintiff requested the board of directors of Fisher township to pay the tuition of his two children for the years 1934 and 1935, but the request was refused unanimously by the directors. Thereafter plaintiff asked for a hearing before Stella Daland, who is the county superintendent of schools of Fremont county, Iowa, and the defendant in this action, under section 4274 of the Code, as amended, asking that she direct the board of directors of Fisher township to pay the tuition of his two children; the Incorporated School District of Shenandoah, Iowa, having agreed that the children might attend the schools there. After a hearing the county superintendent denied the relief asked by plaintiff, and in her decision recited that there were other cases similarly situated that must be considered. On the 13th day of November, 1934, an order was made and entered by the Honorable Earl Peters, one of the judges of the Fifteenth judicial district of Iowa, ordering that a writ of certiorari issue and that the defendant make return thereto on or before the 22d day of November, 1934. On the 22d day of November the defendant filed a demurrer to plaintiff's petition for writ of certiorari, setting out: first, that the matters and facts set forth in the petition do not entitle the plaintiff to the relief demanded, and under section 4274 of the 1931 Code of Iowa and the amendments thereto by chapter 60, section 6 of the Acts of the 45th General Assembly, as set out in plaintiff's petition, the plaintiff is not entitled to the relief demanded or to any relief. Second, that the court has no jurisdiction of the person of the defendant or the subject of the action, for under section 4274 of the 1931 Code of Iowa and the amendments thereto by chapter 60 of the Acts of the 45th General Assembly, as set out in plaintiff's petition, it is clearly shown by the reading of said section and amendments thereto that the defendant is given a discretion in the granting of the relief prayed for in

plaintiff's petition, and that the courts will not therefore inquire into the correctness of the said defendant's decision of matters of fact or review the exercise of the discretion given to this defendant. The demurrer was duly submitted, and overruled. The defendant refused to plead further or proceed with the case, and elected to stand upon said demurrer. Judgment was entered thereupon, and defendant has appealed to this court.

I. It is the contention of the appellee that the right sought by him for his children to attend school in the adjoining school corporation was absolute and statutory under section 4274 of the 1931 Code of Iowa and the acts amendatory thereto. Said Code section, as amended by section 6, chapter 60 of the Acts of the 45th General Assembly, is as follows:

"A child residing in one corporation may attend school in another in the same or adjoining county if the two boards so agree. In case no such agreement is made, the county superintendent of the county in which the child resides and the board of such adjoining corporation may consent to such attendance, if the child resides nearer a schoolhouse in the adjoining corporation or nearer to a regularly established transportation route to a consolidated school and two miles or more from any public school in the corporation of his residence. Before granting such consent the county superintendent shall give notice to the board where the child resides and hear objections, if any. In case such consent is given, the board of the district of the child's residence shall be notified thereof in writing, and shall pay to the other district the average tuition per week for the school or room thereof in which such child attends. If payment is refused or neglected, the board of the creditor corporation shall file an account thereof certified by its president with the auditor of the county of the child's residence, who shall transmit to the county treasurer an order directing him to transfer the amount of such account from the funds of the debtor corporation to the creditor corporation, who shall pay the same accordingly."

The children of the appellee have admittedly brought themselves under the provisions of the foregoing statute because it is not disputed that they reside nearer a schoolhouse in the adjoining corporation of Shenandoah, reside more than two miles from the nearest school in the corporation of their residence,

and the school board of the adjoining corporation has given its consent to the children's attendance.

█▌█ The question in this case involves the meaning of the statute, wherein it recites that the "county superintendent of the county in which the child resides and the board of such adjoining corporation *may* consent to such attendance," when the statutory requirements have been otherwise satisfied. That the statute is mandatory and that the county superintendent must consent to the children's attendance is the claim of the appellee, whereas the appellant maintains that it is within the discretion of the county superintendent, after the hearing, to say whether or not the children may attend school in the other district.

In construing this statute, as to whether it is mandatory or discretionary, we must ascertain the intention of the Legislature.

The language used shows that the Legislature intended to leave the matter to the discretion of the county superintendent, for it states that if the two boards fail to agree, that is, fail to consent to the child's attendance in another district other than the home district, "in case no such agreement is made, the county superintendent of the county in which the child resides and the board of such adjoining corporation may consent to such attendance." Thus we see that by the express wording of the statute it is provided that the "county superintendent of the county in which the child resides and the board of such adjoining corporation may consent to such attendance," and does not say that the county superintendent and the adjoining board *must* consent to such attendance. There is no reason which would lead one to believe that the word "may" as used in this section of the Code should mean *must* or that the word "may" was intended to have a mandatory meaning. If the word "may" is mandatory, then the county superintendent would be compelled to give her consent, regardless of the conditions existing in any certain locality, and the board of an adjoining corporation would be compelled to accept any child or any number of children from a foreign corporation, regardless of conditions in that particular place. Section 4274 and the amendments thereto show that the word "may" was not intended to mean *must* or *shall* or be mandatory. Why? The section first gives the two school boards the right to agree. In case no such agreement is made, the county superintendent of the county in which the child

resides, and the board of the adjoining corporation, may consent to such attendance. Now then, if that was more than permissive, why go any further? If the section and language therein employed make it a duty that the superintendent shall consent, as argued by the appellee, why did the Legislature go further and provide:

"Before granting such consent the county superintendent shall give notice to the board where the child resides and hear objections, if any."

If the statute was mandatory, why should there be a hearing? What good could be accomplished by permitting the board of the district, where the child resides, to file objections? If it was mandatory, the Legislature no doubt would have used such language as "the county superintendent *must*" or "the county superintendent *shall* make an order, directing the board of the district of the child's residence to pay such tuition."

The appellee argues that every child is entitled to an education. With that argument we heartily agree. The providing of proper school facilities is not left in the hands of local communities, but is designated by the statutory law of Iowa. These laws should be liberally construed, with the one thought in mind that the boys and girls of this state be given an opportunity to secure an education. But that does not mean that special benefits and favors can be given to a few, at the expense of others. It might be that there would be so many children of school age whose homes come within the provisions of section 4274, as amended, that if they were permitted to go to school in the adjoining district, in this case in the town of Shenandoah, the payment of the tuition for them, which under the law is required to be paid by their home district, would so tax the income of that district that it would be impossible to provide proper schools for the remaining pupils. No doubt it was with such a thought in mind that the Legislature gave to the county superintendent the right to hear the objections of the local board and then to consent or refuse to consent.

We hold, therefore, that the provisions of section 4274, as amended, are not mandatory, but that, after a hearing, the county superintendent has the discretion to say whether or not the order should be made.

■■■ II. The next question submitted in this case is wheth-

er or not a writ of certiorari would lie to review the action of the county superintendent. If a writ of certiorari would not lie, it then appears that the appellee would have no relief, and regardless of whether or not the county superintendent abused the discretion given to her in denying the relief asked for, there would be no way to review her action.

This court in the case of Field v. Samuelson, 212 Iowa 786, 233 N. W. 687, by a five to four decision held that no appeal lies to the superintendent of public instruction from an original order or action of the county superintendent. In other words, the right of appeal to the state superintendent is strictly confined to those decisions or orders that originate with the board of directors of a school corporation. The writer of this opinion is frank to state that had he been a member of the court at the time that the opinion was adopted, he would have been with the dissenting opinion. However much one may admire or believe in the dissenting opinion, it is not the law, and we of course are bound to follow the majority's view. Thus, as there is no appeal from the county superintendent to the state superintendent of schools, the appellee in this case would be without any relief, without any right to a review of what the county superintendent did. The only relief left to the appellee is the right of a writ of certiorari.

In the case of Jewett v. Ayres, 167 Iowa 431, at page 434, 149 N. W. 529, 531, this court has said:

"This court has held, in Savings & Trust Co. v. District Court, 121 Iowa 1, 95 N. W. 522, that there can be no legislative limitation of this power; and that when an inferior tribunal proceeds in the exercise of a new jurisdiction created by statute, in such manner as to be summary, or in a course different from the common law, and a remedy for the review of such act is not given by the statute, certiorari will lie for its revision. Many cases are cited by counsel for petitioner stating the same rule; and it must be accepted as the settled doctrine that, when there is no remedy by appeal, and there has been by the inferior tribunal such act as to constitute error affecting substantial rights, or an abuse of power in the exercise of its jurisdiction, the aggrieved party may avail himself of this remedy."

Has the appellee complied with the requirements set out in the above-cited case? He has no right of appeal. The office of

county superintendent is a new jurisdiction, one created by statute. But there is no showing in this record, nor any claim made, that the county superintendent abused her discretionary powers in her decision. She had the hearing, as provided by statute, and objections were duly filed by the board of the home district. The county superintendent found there were other cases similarly situated that would have to be considered, and on that account she refused to consent that the children of the appellee be sent to the schools of the adjoining district.

Thus we see that the only question presented by the petition for a writ was one involving the discretion of the county superintendent. There being no showing in the case at bar of abuse of discretion, or that the county superintendent acted illegally, the lower court was wrong in overruling the demurrer, and it therefore follows that the case must be, and it is hereby, reversed.

KINTZINGER, C. J., and ALBERT, ANDERSON, DONEGAN, HAMILTON, and PARSONS, JJ., concur.