STATE OF IOWA EX REL. SCHOOL TOWNSHIP OF CASS (Harrison County) et al., appellees, v. INDEPENDENT SCHOOL DISTRICT OF PERSIA et al., appellants.

No. 48434.

(Reported in 63 N. W. 2d 246)

MARCH 9, 1954.

John LeRoy Peterson, of Council Bluffs, and K. C. Acrea, of Missouri Valley, for appellants.

White & White, of Harlan, Manning J. Walker, of Shelby, and Carl V. Burbridge and Roy E. Havens, both of Logan, for appellees.

MULRONEY, J.—In this quo warranto action plaintiffs alleged the defendant Independent School District of Persia was not properly organized and its newly elected directors, also named as defendants, were without authority to hold said offices. The plaintiffs moved for judgment on the pleadings and, pursuant to a stipulation, the court considered exhibits which were copies of petitions and board proceedings, showing what was done in the formation of the school district. The trial court sustained the motion and entered judgment wherein it is stated: "* * * the Court finds that the attempted formation of the new so-called Independent School District of Persia, Iowa, has not been properly organized as by law provided, and that such attempted organization is null and void." The judgment entry went on to exclude the elected directors "from the exercise of any of the functions as officers for such attempted school districts."

The procedure adopted for the formation of the new Independent School District of Persia was that prescribed in chapter 274, Code of 1950, before many of its provisions were repealed by chapter 117, Acts of the Fifty-fifth General Assembly, effective April 22, 1953. The petition asserts the statutory provisions governing the formation of the district were not observed in many respects but the trial court's ruling does not set forth any ground for the conclusion that the organization was defective. We have examined all of the alleged defects argued in the briefs and we feel there is only one that would support the trial court's ruling. No detailed statement of facts is necessary. It is admitted section 274.3, Code, 1950, was not observed in the formation of this district. That section provides in part:

"No new school district shall be formed, nor shall the boundary lines of any existing school district be so changed as to make it contain an area less than four government sections of land * * *."

In the formation of the new Independent School District of Persia, the established boundaries left one township school district with only a section and a half of land. We have never had the particular section (section 274.3) before us in any prior case but there has long been a similar four-section limitation in the statutes governing the formation of consolidated districts. In State ex rel. Martinson v. Consolidated Ind. Sch. Dist., 190 Iowa 903, 181 N.W. 178, we called a similar statute a "mandatory limitation." And in State ex rel. Independent Sch. Dist. v. Hall, 190 Iowa 1283, 181 N.W. 633, we held an organization invalid when the four-section limitation was not observed, again stating that the "provision is mandatory."

Defendants cite State ex rel. Little v. Owens, 244 Iowa 1356, 60 N.W.2d 521, and they point to the record showing the approval of the proposed new district without including this section and a half by the Board of Directors of the old Independent School District of Persia, the County Superintendent of Schools, and State Board of Education. State ex rel. Little v. Owens, supra, is not in point, for chapter 274, Code, 1950, does not contain a statute similar to section 276.21, Code, 1950,

which was there considered. The approval of the superintendent and school boards is immaterial. In State ex rel. Martinson v. Consolidated Ind. Sch. Dist., supra, at page 906 of 190 Iowa, we held the boundary limitation statute with respect to consolidation, containing the four-section limitation, "must be respected, and neither * * * the county superintendent, nor electors can waive or set aside this provision * * *."

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.