RALPH GRANT et al., plaintiff-appellees and cross-appellants, v. RALPH C. NORRIS et al., defendant-appellants, and JAS. WILSON et al., intervenors-appellees and cross-appellants.

No. 49193.

(Reported in 85 N.W.2d 261)

238

Sᴇᴘᴛᴇᴍʙᴇʀ 17, 1957.

Rᴇʜᴇᴀʀɪɴɢ Dᴇɴɪᴇᴅ Nᴏᴠᴇᴍʙᴇʀ 15, 1957.

Neal E. Smith and James Irish, both of Des Moines, for appellants.

Earl Gritton, Donald L. Beving, Howard Steele, and John V. Synhorst, all of Des Moines, for plaintiffs as appellees and cross-appellants.

Fey H. Moody, of Des Moines, for intervenors as appellees and cross-appellants.

PETERSON, J.—On April 27, 1953, "Request For Permission To Petition" was filed with County Superintendent of Schools of Polk County. It referred to a petition to call an election to consolidate eleven school districts in the eastern part of Polk County, and a district in western part of Jasper County. April 28, 1953, the Polk County Board of Education adopted a resolution granting permission to file the petition, and stating the proposed plan did not interfere with the over-all Polk County plan of reorganization of school districts. April 30, 1953, at eleven p.m., the petition was filed, signed by statutory number of voters, requesting that the twelve districts be consolidated into one district, to be called the "Consolidated Independent School District of Southeastern, Polk and Jasper Counties, Iowa." Proper statutory affidavits were filed. The petition was filed in accordance with the provisions of chapter 276, 1950 Code. The Fifty-fifth General Assembly was in session and on April 22, 1953, chapter 117 was enacted. This chapter (now chapter 275, 1954 Code) repealed chapter 276, 1950 Code. Provision for publication was included. Publications were made on April 27 and April 30. Chapter 117, 55th G. A., therefore, became effective May 1, 1953. There was a saving clause in the Act, the effect of which we will consider hereinafter. The County Superintendent of Polk County proceeded under chapter 276 and on May 14 he caused notice to be published fixing October 1, 1953, as the final date for filing objections to the petition and for a hearing before him on the petition and objections. Plaintiffs and other residents filed objections, and hearings were held. On November 10 the superintendent filed his ruling in which he overruled the objections, sustained the petition, and fixed the boundaries of the proposed district as set out in the original petition, with the exception of excluding a small area in Jasper County, the exclusion of which had been requested by the Jasper County Board of Education.

240

Notice of the order was duly published. Plaintiffs and other persons appealed from the superintendent's rulings to the Joint Boards of Education of Polk and Jasper Counties. Upon hearing the joint boards included eight of the districts for which petition for consolidation had been filed. They excluded three districts, a two-section tract in North Camp District, and all remaining area in Jasper County. The County Superintendent of Polk County then published notice of an election on formation of the district, to be held on May 11, 1954, in the eight districts approved by the joint boards. The proposition carried in six of the eight districts. It failed to carry in the districts known as North Camp and Pleasant Hill. The County Superintendent, still proceeding under the provisions of repealed chapter 276, considered the proposition carried in all eight districts and called an election to elect five directors and a treasurer for the new consolidated school district.

On April 27, 1954, plaintiffs, residents of Pleasant Hill District, filed petition in Polk County District Court for writ of certiorari against Polk County Superintendent of Schools and the Boards of Education of Polk and Jasper Counties. The petition alleged defendants acted contrary to law and in excess of their jurisdiction in fixing the boundaries of the proposed district, and in proposing to call and hold an election. The court refused to stay the proceedings, and the election was held. After the election plaintiffs filed amendment to petition charging the County Superintendent had acted illegally in calling and holding the election for directors and treasurer in the new territory. On June 7, 1954, petition of intervention was filed in the case by Jas. Wilson et al., the intervenors named in this appeal, who were residents and electors of Mitchellville, Runnells, and North Camp School Districts, alleging illegal acts as hereinafter specified. On trial of the case the court approved the following procedure: action of the joint boards in fixing the boundaries to include the eight districts and excluding the three districts, the two sections in North Camp District, and Jasper County area; all proceedings by County Superintendent of Polk County and Joint Boards of Education as to hearings, and the fixing of the boundaries of the new district under the provisions of the repealed chapter 276;

the election held by the eight districts on May 11, 1954, for the formation of the consolidated district. However, the court then held: as to this election, and thereafter, the provisions of chapter 117, 55th G. A., became effective; that under chapter 117, since the proposition carried in six districts, said districts became the new Consolidated Independent School District of Southeastern; that since the proposition had failed in North Camp District and Pleasant Hill District they did not become a part of the new consolidated district; that the election of June 11, 1954, for directors and treasurer was null and void because it included all eight districts instead of only the six districts in which the proposition had carried.

Defendants appealed, alleging two errors: 1st: that plaintiffs waived their right to maintain this action by voting for directors and treasurer at the June 11 election. 2d: that under the general saving statute as to legislative enactments, section 4.1(1), Code of 1950, and the specific saving clause in chapter 117, 55th G. A., the provisions of chapter 276, Code of 1950, should apply as to all procedure from the filing of the petition through the election for directors and treasurer and complete formation of the district.

Plaintiffs filed cross-appeal alleging that if this court should hold chapter 276, 1950 Code, applicable throughout all the procedure, the proceedings after November 10, 1953, were void because: 1st, The North Camp District was reduced by the joint boards to less than four sections, contrary to section 276.20, 1950 Code. 2d, There are three villages in the area involved, in which the residents should have voted separately, and without the vote of said villages the election to form the district did not carry.

Intervenors filed cross-appeal on following grounds: 1st, The procedure is illegal because the trial court failed to apply the provisions of chapter 117, 55th G. A., as to all proceedings from and after its effective date on May 1, 1953. 2d, The Joint Boards of Education illegally excluded Mitchellville and Runnells. 3d, If we should hold chapter 276, 1950 Code, applies to all proceedings, the election failed because: a. with three villages not voting separately the proposition failed; b. North Camp District was reduced to less than four sections.

Defendant Ralph C. Norris filed cross-appeal, and the directors and treasurer elected on June 11, 1954, filed appeal, but presented no separate briefs and arguments.

We will simplify and combine all issues raised by appellants and cross-appellants to consideration of five matters: 1st, Plaintiffs did not waive their right to maintain this action by voting for directors and treasurer at the election of June 11, 1954. 2d, The general statutory saving provision of section 4.1(1), 1950 Code, and the specific saving clause of chapter 117, 55th G. A., granted to the County Superintendent and Joint Boards of Education the right to maintain and conclude all proceedings for the formation of the new consolidated district under chapter 276, 1950 Code. 3d, Since chapter 276, 1950 Code, controls proceedings to conclusion, the trial court erred in holding the four-section inhibition of section 276.20 did not apply. Therefore all proceedings, after order of County Superintendent on his hearing, are null and void. 4th, We do not reverse on questions of existence of villages, and exclusion of Runnells Consolidated District and Mitchellville Independent District, but we consider them for the benefit of future proceedings. 5th, The County Superintendent of Polk County and Joint Boards of Education of Polk and Jasper Counties can now proceed with formation of consolidated district under chapter 276, 1950 Code, on basis of petition now on file, subject to the provisions of this decision.

All parties agree, and no error is assigned by appellants or cross-appellants, as to effective date of chapter 117, 55th G. A. Since this question is basic as to our decision we will consider it briefly. The legislature provided for publication. The last publication was on April 30, 1953. The Act therefore became effective on May 1, 1953. Section 38 of chapter 117 provides it "shall be in full force and effect from and after its publication." 82 C. J. S., Statutes, section 409, states with reference to legislative enactment: "* * * where it is to take effect 'from and after' a day named, that day is generally construed to be excluded from the operation of the act * * *." Also see Brown v. State, 137 Wis. 543, 119 N.W. 338; Arnold v. Board of Supervisors of Kossuth County, 151 Iowa 155, 130 N.W. 816. The Attorney General, in an opinion dated June 20, 1919, said as to

H. F. 342, 38th G. A.: "The Act was published in * * * Des Moines Register on April 28, 1919, and * * * became effective on the 29th day of April, 1919."

I. Appellants' first division, which perhaps can be called an assignment of error, is that plaintiffs waived their right to bring this action by voting for directors and treasurer in the election of June 11, 1954. There is a question as to whether appellants have properly preserved their record under the rules as to this question. Since it is so vigorously urged we will give it attention. As to the broad merits of the case the alleged error is not too important, because appellants do not raise the question as to intervenors, and intervenors' cross-appeal has brought the issues of the case before us.

Plaintiffs are residents of the district known as Pleasant Hill Independent School District. This district apparently was opposed to the consolidation at all times. In the election Pleasant Hill District cast one favorable vote and 145 votes in opposition. Plaintiffs Frederick Chmura and Janet P. Petersen filed objections before County Superintendent, and appealed from the superintendent's ruling to the Joint Boards of Education. They moved to dismiss the petition, and also to exclude Pleasant Hill from the proposed district. When the appeal was rejected and motions overruled said two plaintiffs with Ralph Grant filed this petition for writ of certiorari. In the election called by the superintendent for five directors and treasurer, he included all eight districts under the provisions of chapter 276.

Appellees maintain that what appellants really are claiming is an estoppel, not a waiver. Both words have been used in texts and decisions concerning the question. The word "Waiver", used by appellants, is more applicable. The question was carefully considered in case of Pond v. Anderson, 241 Iowa 1038, 1043, 44 N.W.2d 372, 375. We said in that case: " 'Waiver' is usually defined as the voluntary relinquishment of a known right. * * * While 'waiver' and 'estoppel' are closely akin, they are not the same. Waiver does not necessarily imply that the other party has been misled to his prejudice while estoppel involves this element." We quote from 56 Am. Jur., Waiver, section 3, page 104: "Waiver does not necessarily imply that the other party has been misled to his prejudice, but an estoppel always

involves this element. Estoppel results from an act which operates to the injury of the other party * * *." Judge Deemer uses the word "estopped" in Molyneaux v. Molyneaux, 130 Iowa 100, 106 N.W. 370, considered hereinafter. In the case at bar, if there was any element of this type involved, it would be "waiver"; not "estoppel."

Appellants' claim does not pertain to the election as to formation of the district. As a matter of general law it has been held that even taking part in formation election does not estop an elector from starting action. 78 C. J. S., Schools and School Districts, section 50(c) states: "Participation in an election called to pass on a proposal to create or alter a district does not, however, estop a voter to attack the validity of the creation or alteration." People ex rel. Bulpitt v. Buesinger, 324 Ill. 534, 155 N.E. 473; State ex rel. Marbut v. Potter, Mo., 191 S.W. 57. If it should be ultimately decided at the conclusion of all litigation that there was a new district, of which plaintiffs were a part, they had a right to vote for directors and treasurer of the district without jeopardizing their position as to the establishment of the district. They did not "voluntarily relinquish a known right" by such action.

Appellants offer three citations of authority. We have considered the general statement as to waiver in 56 Am. Jur., supra, and fail to find any provisions supporting appellants' position. They cite Pond v. Anderson, supra, from which we have heretofore quoted. The case does not assist appellants as to the proposition alleged. They depend principally on the case of Molyneaux v. Molyneaux, supra. This is a case decided in 1906. In the early days of consolidation the electors in each district were few. In the three districts involved in the case there were twenty-seven electors. Under the statute at that time they met in each district at annual or special meeting and voted, in town hall meeting fashion. All three districts approved the consolidation. Then a similar meeting of electors from all three districts met to ratify the consolidation and elect new officers. At no stage of the proceedings had plaintiffs objected or filed protest. In addition to question of voting, there was also a question in the case of the sufficiency of the petition and notice. Judge Deemer said at

pages 104 and 106 of 130 Iowa, page 371 of 106 N.W.: "Plaintiffs were present and voted upon this definite proposition, and in our opinion are estopped from asserting the invalidity of the petition and notice. * * * On the *whole record* we think plaintiffs are now estopped from questioning the validity of the proceedings." (Emphasis ours.) The *whole record* as to plaintiffs in the case at bar is completely different. School proceedings and facts, fifty years apart, are so different that Molyneaux v. Molyneaux, supra, is not a precedent for holding plaintiffs either waived their right or were estopped from starting or maintaining this action.

II. The first important question at issue is whether chapter 276, 1950 Code, or chapter 117, 55th G. A., in whole or part, controls the proceedings in the organization of this district. The answer to the question rests in legislative intent. As a statement of general law we quote the following from 50 Am. Jur., Statutes, section 478, page 495: "The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively." Section 477 of 50 Am. Jur., supra, page 494, states: "* * * retroactive laws have not been looked upon with favor, but with disfavor, so that courts are loath to give a statute such effect. To the contrary, a prospective interpretation of statutes affecting *substantive rights* is favored. It is a maxim, which is said to be as ancient as the law itself, that a new law ought to be prospective, not retrospective, in its operation." (Emphasis ours.)

The primary statutory construction rule is to ascertain and give effect to the legislature's intention. McKinney v. McClure, 206 Iowa 285, 220 N.W. 354; Wertz v. Hale, 212 Iowa 294, 234 N.W. 534; Moles v. Daland, 220 Iowa 1170, 264 N.W. 74; Sinclair Refining Co. v. Burch, 235 Iowa 594, 16 N.W.2d 359; Stromberg Hatchery v. Iowa Employment Security Commission, 239 Iowa 1047, 33 N.W.2d 498. In addition to general rules as to legislative intent, we are aided by a specific provision in "Construction of Statutes, Chapter 4" and by the saving clause

in chapter 117, 55th G. A. Pertinent parts of section 4.1(1) provide: "* * * repeal of a statute does not * * * affect any right which has accrued * * * *or any proceeding commenced,* under or by virtue of the statute repealed." (Emphasis ours.) Section 34 of chapter 117, 55th G. A., states: "* * * nor shall any proceedings for * * * *consolidation* * * * or creation of a new school district commenced prior to the effective date of this Act *be invalidated* by the provisions of this Act." (Emphasis ours.)

As a general legislative policy there is no question but that the Fifty-fifth General Assembly intended to abolish the use of the word "consolidated" as a type name for school districts. The word "consolidated" can be, and has been, used as a general term to describe the uniting of several districts into one district. We said in Smaha v. Simmons, 245 Iowa 163, 166, 60 N.W.2d 100, 102: "We recognize that in all of these school laws the legislature is using such terms as reorganization, consolidation and merger or union of districts in much the same sense: the uniting of smaller areas into one." In DeBerg v. County Board of Education, 248 Iowa 1039, 82 N.W.2d 710, we used the word "consolidated" in its general sense. The new language in chapter 117, section 11, is: "* * * contiguous territory located in three or more school districts *may be united into a single district".* (Emphasis ours.) The over-all intention manifested by the legislature to abolish "Consolidated Districts" as a type does not destroy the specific provisions of section 34 of the chapter as to districts already legally commenced under chapter 276.

■ A repealing statute, although absolute in terms, may for some purposes and to some extent, continue in force the provisions of the repealed statute. State ex rel. Bates v. Payton, 139 Iowa 125, 117 N.W. 43.

■■ As a general statement concerning saving clauses, see 82 C. J. S., Statutes, section 440(b): "With respect to saving clauses, a common provision is that the repeal of a statute shall not affect actions or suits commenced or *proceedings pending* under it at the time the repeal takes effect. Statutes containing such a provision are intended to continue in force repealed laws *until completion of proceedings begun under them,* and to save pending actions founded on the statute repealed." (Emphasis ours.) Specific provisions control general ones in a statute. Story

County v. Hansen, 178 Iowa 452, 159 N.W. 1000; Johnson County v. O'Connor, 231 Iowa 1333, 4 N.W.2d 419.

The trial court in early procedure applied chapter 276, 1950 Code. The court then ruled that starting with the election as to formation of the district, chapter 117, 55th G. A., became effective. The court's reasoning is that immediately prior to May 11, 1954, the date of election as to formation of the district, the duties of the County Superintendent as to the petition and procedure were concluded. We cannot approve the divided procedure. Either chapter 276 controls all procedure or chapter 117 picks up the procedure on its effective date, May 1, 1953. We hold under chapter 4, section 4.1(1), and section 34, chapter 117, 55th G. A., the proceedings are controlled throughout by chapter 276, 1950 Code. Appellees urge ably and vigorously that chapter 117 is only procedural and should therefore control. We have frequently held that if exclusively procedural an amendment becomes effective as to pending procedure. Bascom v. District Court, 231 Iowa 360, 1 N.W.2d 220; Appleby v. Farmers State Bank of Dows, 244 Iowa 288, 56 N.W.2d 917. The difficulty with appellees' contention is there are several important changes as to substantive law in chapter 117. Some substantial new rights enacted are: elimination of hearing before County Superintendent; new provisions as to area of a district; the majorities needed for formation of a district; the tax base; number of pupils involved; sections as to manner of dissolution of a district.

We quote from 82 C. J. S., Statutes, section 416, page 993: "Where substantive rights would be affected, no statute should be so construed as to give it a retroactive effect so as to affect pending litigation * * *." We have considered the question of retrospective or prospective operation of a legislative act in a recent case. Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6. This pertained to section 321.501(1, 2), 1950 Code, as to service on nonresidents where an automobile accident happened in Iowa prior to defendant's removal from the state. We held the statute created new rights and was not retroactive. Since chapter 117, 55th G.A., was not a simple remedial or procedural Act, but created new substantial rights, it operated prospectively only. We make a definite statement as to prospective operation of substantive legislative acts in Davis v. Jones, supra, at page 1035,

where we quote with approval from Gilbertson v. Ballard, 125 Iowa 420, 421, 101 N.W. 108, 2 Ann. Cas. 607, as follows: "'All statutes are to be construed as prospective in their operation, unless the contrary is distinctly expressed or is to be clearly implied.'"

III. Having decided that chapter 276, 1950 Code, is applicable to the procedure as to formation of Independent Consolidated School District of Southeastern, we will consider the effect of the questions raised by plaintiffs and intervenors as cross-appellants. All cross-appellants contend that if chapter 276 is effective the consolidation procedure violates section 276.20 and is void. The applicable part of this section is: "* * * No *remaining portion* of any school corporation from which territory is taken to form a new district shall contain an area of less than *four government sections* which shall be so situated as to form a suitable corporation." (Emphasis ours.) Camp Township is in the southeastern corner of Polk County. Approximately the south one half of the township had previously been organized into Runnells Consolidated School District. Approximately twenty sections in the northerly part constituted the North Camp School District. The complete township is contained in the original petition for consolidation. At the hearing before the County Superintendent, in accordance with chapter 276, he included Camp Township within the boundaries of the new district. However, on appeal to Joint Boards of Education of Polk and Jasper Counties, Runnells Consolidated District was eliminated, together with Sections 1 and 2 of North Camp School District. The remainder of North Camp District was retained within the proposed district. The two sections rejected were oversize and contained 1978 acres, but less than four government sections. We are confronted with the legal question as to whether this action of the joint boards, and the fact that the County Superintendent submitted the proposition to a vote with an area of less than four sections remaining in North Camp School District, vitiates the proceedings. The inception of our school system is coextensive with the commencement of our State. Section 2022, 1860 Code (section 274.12, Code, 1950), provided: "When a new civil township is formed, the same shall constitute a school township * * *." The next step was: "The board of any school township may

* * * divide the school township into subdistricts * * *." Many school district provisions have been adopted and changed during the one hundred years of school development. Under the 1950 Code, section 274.6, our school districts were: subdistrict; school township; independent; rural independent; consolidated (repealed by chapter 117, 55th G. A., and its successor is commonly called "community"). The legislature has limited any remaining territory in a township to at least four government sections, in three statutory provisions: Section 274.3: "No new school district shall be formed, nor shall the boundary lines of any existing school district be so changed as to make it contain an area less than four government sections * * *." Section 274.16: "The corporation from which territory is detached shall, after the change, contain not less than four government sections * * *." Section 276.20, supra (as to consolidated districts only). The last two sections were repealed by chapter 117, 55th G. A., but under our ruling herein are effective as to the district now being formed. The trial court held the four-section provision did not apply, on the theory the election and future proceedings were controlled by chapter 117, 55th G. A. This chapter does not contain the four-section provision. We have held in several cases that where the remaining remnant is part of a subdistrict, section 276.20 does not apply. State ex rel. Wirth v. Wald, 184 Iowa 51, 166 N.W. 785; State ex rel. Gunderson v. Phillips, 186 Iowa 1052, 173 N.W. 41; State ex rel. Kirchgatter v. Thompson, 190 Iowa 1160, 181 N.W. 434. All other school districts are under the four-section inhibition. This includes North Camp School District. Cross-appellees contend it is still virgin territory, and has been continuing as a school district by default. The record does not sustain this assumption. It is incomprehensible that in a hundred years of school history Camp Township had not been divided into subdistricts, then merged in the south into Runnells Consolidated District, and in the north into North Camp School District. In any event, the district is not a subdistrict, and therefore is not controlled by the above cited decisions. The four-section provision of section 276.20 is applicable to North Camp School District and is mandatory. Rural Ind. Sch. Dist. of Eden v. Ventura Consol. Ind. Sch. Dist., 185 Iowa

968, 171 N.W. 576; State ex rel. Martinson v. Consolidated Ind. Sch. Dist. of Scarville, 190 Iowa 903, 181 N.W. 178; State ex rel. Independent Sch. Dist. of Olin v. Hall, 190 Iowa 1283, 181 N.W. 633; State ex rel. School Twp. of Cass v. Independent Sch. Dist. of Persia, 245 Iowa 593, 63 N.W.2d 246. In Rural Ind. etc. of Eden v. Ventura Consol. etc., supra, we said at page 972 of 185 Iowa:

"The statute provides that, in the organization of a consolidated school district, and in the taking of land to make up the quantum of the district, it must not take from adjoining districts so as to reduce the existing district to less than four sections: that is, less than four government sections. Or, in other words, the consolidated independent district, in taking territory from other districts, must leave the district from which the territory is taken with not less than four government sections, and so situated as to form a suitable school corporation. * * * It evidently was the thought of the legislature that four sections were essential to make a suitable school corporation, and that less would make it unsuitable for that purpose."

We hold in State ex rel. Independent etc. v. Hall, supra, at page 1291 of 190 Iowa: "The cases seem to recognize that the statute does apply to school corporations other than subdistricts, and that the provision is mandatory. We think and hold that it is, as to the four-section provision." In State ex rel. Martinson v. Consolidated etc. of Scarville, supra, we said at page 907 of 190 Iowa: "Under the present statute, there are three mandatory limitations upon the jurisdiction of the county superintendent to 'fix and determine' boundary lines, namely: (1) He cannot reduce another school corporation to less than four sections. * * *."

Appellees on cross-appeal lean heavily on our recent case of State ex rel. Little v. Owens, 244 Iowa 1356, 1361, 60 N.W.2d 521, 524. This case can clearly be distinguished from the case at bar. In the Owens case the tract not included in the new consolidation was known as Delaware No. 5, a two-section tract far removed from the proposed new district. It was a subdistrict. We stated in the opinion: "Moreover, in the case at bar the two *subdistricts* of Delaware Township School District were so far

apart that they did not strictly comply with the requirement of section 276.20 * * *." (Emphasis ours.) Being a subdistrict it did not come under the above section. State ex rel. Wirth v. Wald, State ex rel. Gunderson v. Phillips and State ex rel. Kirchgatter v. Thompson, all supra. It is interesting to note that Delaware No. 5 (also known as Babbitt) District, included in the petition for this consolidation, was the subdistrict involved in State v. Owens, supra. Appellants in that case argued that subdistrict Delaware No. 5 " 'could not legally be included as a part of some consolidated school district.' " This argument we rejected, and the subdistrict is now a part of the program of the new district contemplated by these proceedings. Appellees, on cross-appeal, also rely on the provisions of section 276.21 as same appear in 1950 Code. This section originally appeared as section 2794-a in Code Supplemental Supplement 1915, as follows: "If * * * after the formation of such consolidated school corporation * * * there is left in any school township one or more subdistricts each of such subdistricts containing *four or more government sections* * * * shall thereby become a rural independent school corporation." (Emphasis ours.) This section was amended by the Thirty-ninth General Assembly (1921), chapter 175, and the *four-section* provision was omitted. Appellees contend this is evidence the legislature intended to repeal the *four-section* requirement. However, the legislature did not repeal the four-section provision in sections 274.3, 274.16, nor 276.20.

As a matter of statutory interpretation, failure to repeal the affirmative statements in these three sections takes precedence over an implied repeal of the *four-section* provision by its omission from section 276.21. Repeals by implication are not favored. Fowler v. Board of Trustees, 214 Iowa 395, 238 N.W. 618; Hahn v. Clayton County, 218 Iowa 543, 255 N.W. 695; Johnson County v. O'Connor, supra. We hold the four-section inhibition is applicable to this procedure, and failing to observe the provision vitiates all proceedings after the order of the County Superintendent establishing the boundaries of the proposed district.

We present a sketch of the easterly side of the proposed new district, showing districts excluded, but primarily to show the

location of Sections 1 and 2 in North Camp School District. The areas with horizontal shading were excluded by the joint boards.

IV.° Since we have decided the joint boards acted illegally in establishing the boundaries of the proposed new district it is not necessary that we give extended consideration to the other errors assigned by plaintiffs and intervenors as cross-appellants as to existence of villages, and exclusion of Runnells and Mitchellville Districts. As an aid to future proceedings in formation of this district, we will consider them briefly. Certiorari is a law action. It is not triable de novo by this court. McEvoy v. Cooper, 208 Iowa 649, 226 N.W. 13; Dempsey v. Alber, 212 Iowa 1134, 236 N.W. 86. The court was the trier of facts as to whether or not villages existed in West and Delaware 5 Districts. This is a review, to determine whether actions of joint boards and County Superintendent were legal, and within jurisdiction of respondents. Respondents are not entitled to review of facts as on appeal de novo. Pierce v. Green, 229 Iowa 22, 294 N.W. 237, 131 A. L. R. 335. Unless substantial errors appear, the trial court's findings of fact control the situation. See 14 C. J. S., Certiorari, section 172(a), headnote: "As a general rule, questions or findings of fact in the lower court are not reviewable on certiorari" and in text on page 313, as follows: "In accordance with the general rule, the reviewing court cannot review and correct a mistake of fact, or an erroneous conclusion from the facts, made by the inferior court, unless palpable error has been committed, as where an erroneous rule of law was observed in making the finding * * *." In McEvoy v. Cooper, supra (page 655 of 208 Iowa), we stated: "It is not the purpose of this statute, section 12456 (now rules 306 and 308), to change the office of a certiorari so that it will operate as an appeal wherein questions of fact may be tried and determined de novo. See Tiedt v. Carstensen, 61 Iowa 334 [16 N.W. 214]; Darling v. Boesch, 67 Iowa 702 [25 N.W. 887]."

We desire to express approval of the findings of fact as to this question by the trial court, as they existed on April 30, 1953. We restrict this statement, however, because in $4\frac{1}{2}$ years many changes are possible, and continuation of reorganization proceedings should not be prejudiced by conditions existing nearly five years ago. If there have been material changes in circumstances, neither the joint boards nor the trial court is unalterably committed to the same rulings on appeals.

The evidence with reference to Mitchellville Independent District and Runnells Consolidated District being excluded by joint boards at final hearing on April 22, 1954, presents a peculiar situation. Several years of research and study preceded the filing of the petition on April 30, 1953. More than one third of the electors in the proposed district signed the petition. These districts were included in the proposed over-all County plan. The man in closest touch with all factors involved was the County Superintendent. As a result of his hearing on the petition he fixed the boundaries of the district to include all twelve smaller districts except a small tract in Jasper County. In his ruling he said: "The district as a whole, not in segments, nor in small independent districts by themselves, should decide either the proposal is good or bad for the majority." On the appeal to the joint boards several adjourned hearings were held. At earlier hearings and particularly at a meeting on March 4, 1953, the joint boards indicated approval of the County Superintendent's ruling as to boundaries. However, later, and as a result of some conversations with certain residents in the areas involved, the joint boards reversed their position and excluded Mitchellville and Runnells. At the final meeting the joint boards refused to hear some evidence proffered, which appears somewhat arbitrary.

The fixing of the boundaries of a district by the joint boards is a legislative function. State ex rel. Stinman v. Spellman, 191 Iowa 1181, 183 N.W. 577; State ex rel. Harberts v. Klemme Community Sch. Dist., 247 Iowa 48, 72 N.W.2d 512. The only basis for interference by a trial court or by this court would be an abuse of discretion, or a violation of law. We do not say that if this was the only basis for reversal we would accept intervenors' position, in view of the trial court's jurisdiction in the matter and his approval of action of joint boards. We do say that since we are reversing on other grounds, the matter of inclusion or exclusion of Runnells and Mitchellville should have extended and careful reconsideration by the joint boards. This is on the assumption that there will be an appeal again from County Superintendent's ruling to joint boards. Otherwise the matter is already settled by his ruling.

V. We affirm the distinguished trial court in approv-

ing the following procedure: Resolution of Polk County Board of Education approving filing of petition for election as to establishment of district; determining that same does not violate over-all Polk County reorganization plan; petition for reorganization, and affidavits; all notices and procedure of County Superintendent of Polk County, including his hearing on petition and his order of approval of November 10, 1953. We reverse the trial court, and instruct that order be entered sustaining the writ as to all procedure of superintendent and joint boards after said date. It will now be necessary for the superintendent to republish his order, after final disposition of this appeal, so that any persons named in section 276.6, 1950 Code, may appeal, if they so desire. If any appeals are filed, hearing shall be held, and superintendent and joint boards shall then proceed as to formation of new district under chapter 276, 1950 Code, taking into consideration the questions herein decided.

Defendants-appellants, plaintiffs-cross-appellants, and intervenors-cross-appellants each failed to sustain one or more alleged errors; we, therefore, hold that costs be taxed one third to plaintiffs, one third to defendants and one third to intervenors.— Affirmed in part; reversed in part.

All JUSTICES concur.