BOARD OF DIRECTORS of the CUSHING CONSOLIDATED SCHOOL DISTRICT, appellant, v. BOARD OF EDUCATION in and for IDA COUNTY et al., appellees.

No. 49911.

(Reported in 101 N.W.2d 27)

FEBRUARY 9, 1960.

John Donahey, of Panora, Patrick J. Morrow, of Onawa, and Charles N. Woolery, of Sergeant Bluffs, for appellant.

Richard F. Branco, of Holstein, for appellee.

HAYS, J.—In March 1957 a petition seeking the reorganization of the Cushing Community School District was filed with the County Superintendent of Schools of Woodbury County. It included land in Woodbury and Ida Counties. Thereafter the Joint Board approved the petition. On appeal to the State Department of Public Instruction this decision was on June 13, 1957, reversed. On July 17, 1957, the Board of Directors of the Cushing Consolidated School District appealed to the district court. Upon motion of the Board of Education of Ida County the Cushing Board was stricken as a party plaintiff, on the basis that it was not an aggrieved party under section 275.8, Code, 1954. The Cushing Board appeals.

Appellant urges two propositions: (1) Appellee waived its right to question appellant's status as an aggrieved party; (2) appellant is entitled to the benefits of section 275.8 as amended by the Fifty-seventh General Assembly, chapter 129, section 11.

I. As to the alleged waiver, after appellant's appearance was filed in the district court, appellee filed what it called an answer and motion to strike. It was in three divisions with Division I being the so-called motion. It is appellant's contention that the motion being filed at the same time the petition was pleaded to on the merits constitutes a waiver of objection to appellant's capacity to bring the appeal. Cited in support of this contention is Keeling v. Priebe, 219 Iowa 155, 257 N.W. 199.

We doubt its applicability to the instant case both upon the factual situation and for the reason that it was decided prior to the adoption of our Rules of Civil Procedure. Under rule 67 technicalities gave way to a just and speedy determination of issues, and under rule 104 the matter called to the attention of the court by the so-called "Motion" might well have been included in the answer, as it was regardless of what it was called. Under rule 105 the court could, and did, determine this legal issue ahead of trial on the merits. We find no waiver.

II. Is appellant entitled to the benefits of section 275.8, Code, 1954, as amended by section 11, chapter 129, Acts of the Fifty-seventh General Assembly, 1957?

Section 275.8, Code, 1954, states that an aggrieved party may appeal to a court of record from a decision of the State Board of Public Instruction. In Everding v. Board of Education, 247 Iowa 743, 752, 76 N.W.2d 205, 211, this court held the term "aggrieved party to the controversy" to mean "an aggrieved county board." See also Signer v. Crawford County Board of Education, 247 Iowa 766, 76 N.W.2d 213.

Chapter 129, Acts 57th G. A., pertains to reorganization of school districts and made many changes in the existing school laws. Section 11 of said chapter amended section 275.8, Code, 1954, by adding thereto the following: "An aggrieved party is hereby defined as the board of directors of a school district whose directors are elected at large, or, if said board is elected from director districts, then that membership of the board of directors whose districts are included in the proposed reorganized area, or a county board of education." It is conceded that appellant qualifies under this amendment.

The petition for reorganization was filed with the county superintendent in March of 1957. The amendment to said section 275.8, Code, 1954, became effective May 3, 1957, under an emergency publication clause. While it is the general rule that statutes are not retroactive in effect in the absence of a clear legislative expression of intent, this rule is often modified where the statute deals only with procedural matters and not matters of substance. Young v. O'Keefe, 248 Iowa 751, 82 N.W.2d 111; Grant v. Norris, 249 Iowa 236, 85 N.W.2d 261; 82 C. J. S., Statutes, sections 416–421; 50 Am. Jur., Statutes, section 482.

Appellant contends that the right to appeal, as given by said amendment, is purely procedural and retroactive in effect. Assuming, but not holding, that it is procedural only, we think the legislature has clearly expressed its intention to be otherwise. The fact that the Act is made effective on publication is indicative of an intention to the contrary. 50 Am. Jur., Statutes, section 480. But even more convincing is the wording of section 18 of said chapter 129. In this section provision is made for the Act to be effective upon publication and then appears the following: "provided, however, that *this Act shall not affect* any reorganization proposal for which a petition has been filed prior to the effective date of this Act with the superintendent of schools." (Italics added.)

The heading of the chapter states: "AN ACT relating to the reorganization of school districts." Clearly the word "ACT" implies the entire chapter. The word "affect" is used in the last clause of said section 18. This, according to Webster's International Dictionary, means "to act, or produce an effect, upon; to touch." Thus this last clause says that the chapter shall not act, touch or produce an effect upon any reorganization plan which was filed with the superintendent of schools prior to the effective date thereof. Clearly section 11 of said chapter is not effective as to the appellant, and the trial court was correct. See also Grant v. Norris, 249 Iowa 236, 85 N.W.2d 261, supra. —Affirmed.

All JUSTICES concur.